Woodcock *v.* Roberts.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. · *Mullin, Talcott* and *E. D. Smith,* Justices.]

———————◆———————

## WOODCOCK *vs.* ROBERTS.

The plaintiff leased a farm, and certain personal property, to the defendant, for one year, "with the privilege of two years more, at the same rate, if they agree." After the end of the second year, the plaintiff's attorney placed a summons, and other papers, in an action of claim and delivery, in the hands of the sheriff, with directions to demand the personal property, and, if it was refused, to serve the summons, &c., and seize the property. The sheriff demanded the property, and, the defendant refusing to deliver, served the summons, &c., and seized the same. The affidavit in the proceedings was sworn to before the demand was made. There was no proof of the extension of the lease after the first year.

*Held,* 1. That the demand was made before suit brought, and was sufficient.

2. That the proceedings might have been set aside, on motion, upon the ground that the affidavit was sworn to before the demand was made; but that it was too late to raise that question on the trial.

3. That, in the absence of all evidence as to a new leasing, the presumption was, that the term was extended, by consent, for two years longer, and that the tenant was in possession under the lease. That it was competent for the parties to agree to extend the lease for less than two years, and if for less, the parties did not agree to an extension for two years; but that it required a special agreement for less than two years, to prevent the extension being presumptively for two.

4. That a judgment quashing a certiorari brought to review summary proceedings to remove the defendant from the farm, was not a bar to the right of the defendant to insist that by the terms of the contract, and the action of the parties under it, the term was extended two years.

APPEAL from a judgment entered on a verdict in favor of the plaintiff, subject to the opinion of the court at General Term.

The plaintiff on the 31st of March, 1868, by lease signed by him and the defendant, and sealed with their respective seals, leased to the defendant the farm of the plaintiff, lying in West Turin in the county of Lewis, together with sundry articles of personal property, for the term of one year from the date of said lease, with the privilege of two years more at the same rate if they agreed; the rent to be one half the products of said farm.

The defendant went into possession of said farm and property under said lease, and was in possession of said property on the 1st of April, 1870. In the forenoon of that day the plaintiff's attorney delivered to the sheriff of Lewis county a summons and other papers required to be served on the defendant, in an action for the claim and delivery of personal property. He was instructed to demand the property described in the complaint and receive and take charge of it for the plaintiff, without service of the papers; but if the defendant would not give it to him on such request and demand, then he should serve the papers.

He called the same day on the defendant, pursuant to his instructions, and demanded the property, which the defendant refused to deliver, and the sheriff thereupon served the papers. When the demand was made, the affidavit was in his hands, having been previously sworn to, and also the other papers, which he served. He seized the property by virtue of the papers.

The court ordered a verdict for the plaintiff, assessing the value of the property at $51, and the plaintiff's damages at six cents, subject to the opinion of the court, at General Term.

The defendant appealed.

*E. A. Brown*, for the plaintiff, cited *Code*, § 99; *Christie* v. *Corbett*, (34 *How.* 19;) *Nosser* v. *Corwin*, (36 *id.* 540;) *Castle* v. *Noyes*, (14 *N. Y.* 329.)

*John M. Muscott*, for the defendant, cited *Roberts* v. *Randel*, (5 *How. Pr.* 327, 335; 8 *id.* 188;) 2 *R. S.*, *Edm. ed.*, 541, § 7; 6 *Hill*, 623; 3 *Denio*, 54; 12 *Wend.* 194; 19 *id.* 283; 7 *id.* 214; 9 *East*, 15; 2 *Kent's Com.*, 3d ed., 554, 555.

*By the Court*, MULLIN, P. J. The second year under the lease expired on the 31st of March, 1870, and the plaintiff was entitled to the possession of his property. But the defendant was not a wrongdoer in keeping possession of it after that day, unless it was demanded by the plaintiff. There were horses and cattle to be fed, the other property to be cared for and protected, and it was lawful for the defendant to feed the cattle and take care of the whole property, until it was called for; unless he had given notice to the plaintiff that he must resume possession immediately on the termination of the lease. It follows that before an action could be maintained against the tenant for unlawfully detaining said property, a demand must be made.

By section 99 of the Code, an action is commenced when the summons is served, and to prevent the running of the statute of limitations it is commenced by delivery of the summons to the sheriff with intent to have it served. (*Knight* v. *Beach*, 7 *Abb.*, *N. S.*, 241. *Kerr* v. *Mount*, 28 *N. Y.* 659.) This being so, the demand was before suit commenced, and was sufficient.

The objection of the defendant's counsel, that the affidavit required by the Code in this class of actions cannot be made until after a demand, would be unanswerable if it appeared, on a motion to set aside the proceedings, that no demand was in fact made before the affidavit was sworn to. But, on the trial, the court will not enter into an investigation to ascertain whether the preliminary papers are correct. It is then too late to raise that question. If a demand is proved, on the trial, to have been made before suit brought, that is all that is required.

Woodcock *v.* Roberts.

The defendant's counsel insists that the words "with the privilege of the lease for two years more at the same rate, if they agree," should be construed to mean that the lease should be extended for two years more at the election of the tenant. This cannot be the construction of the provision. It contemplates and requires the assent of both parties in order to the extension of the term for two years longer.

The question now is, whether the parties did not consent to the extension? The lease expired with the first year. There is no evidence before us that any new agreement was made between the parties, and it is agreed that the defendant occupied one year more. If there was no new agreement the tenant will be presumed to be in possession under the lease; especially as the lease contemplated an extension, should the parties agree to extend the term.

In the absence of all evidence as to a new leasing, the presumption is that the term was extended by consent, for two years longer, and that term had not terminated when this suit was brought.

The judgment record, in the proceedings to review by certiorari the summary proceedings to remove the defendant from the farm, was put in evidence to show that the question of the defendant's right to occupy the farm beyond the second year had been determined in favor of the plaintiff and that it was therefore *res adjudicata*, and not for any other purpose. The evidence contained in that record is not before us for any other purpose. There is therefore no evidence whatever of any new agreement as to the defendant's occupancy.

In the summary proceedings, the plaintiff in his affidavit swears that the defendant occupied the farm for the second year under an agreement continuing the lease for a year. The defendant, in his affidavit, swore that he was in under the lease for the two additional years, by the consent of the plaintiff, as provided in the lease.

On the hearing before the justice, the plaintiff gave evidence tending to prove an agreement extending the lease for one year only. And the jury must have found that an agreement for one additional year, only, was made, and hence the term of the defendant had expired, and he was holding over.

It was competent for the parties to agree to extend the lease for less than two years, and if for less, the parties did not agree to the extension for two years, but it required a special agreement to be for less than two years to prevent the extension being presumptively for two.

It follows that the judgment quashing the *certiorari* is not a bar to the right of the defendant to insist that by the terms of the contract, and the action of the parties under it, the term was extended two years.

There must be judgment for the defendant on the verdict.

Judgment for defendant.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]