INSURANCE AND LAW BUILDING COMPANY, Appellant, *v.* NATIONAL BANK OF THE STATE OF MISSOURI, Respondent.

### February 19, 1878.

1. When a contract in writing expresses, and its operation depends upon a contingency, upon the happening of the contingency there is a meeting of the parties' minds, and the contract need not be rewritten. A lease so made is a contract in writing within the meaning of the Landlord and Tenant Act.

2. A lease for a term of three years, rent payable monthly, contained a clause giving the lessee the privilege of renewal for a period of ten years more on the same terms. At the expiration of the term of three years the lessee continued in possession, and paid rent as before for five years and eleven months, at the expiration of which time he gave the lessor one month's notice of his intention to vacate the premises at the end of the year. *Held,* that at the expiration of the first term, the lessee held over under the terms of the lease; that by his acts he accepted the privilege of renewal, giving the lease an extended operation according to its terms; and that a new lease was unnecessary.

APPEAL from St. Louis Circuit Court.

*Reversed, and judgment for appellant.*

BRITTON A. HILL, for appellant, cited: *Kramer v. Cook,* 7 Gray, 550 ; *House v. Burr,* 24 Barb. 525 ; *Levitzky v. Cumming,* 33 Cal. 299 ; *Delashman v. Berry,* 20 Mich. 292 ; *Orton v. Noonan,* 27 Wis. 272 ; *Raulet v. Cook,* 44 N. H. 516 ; *Woodcock v. Roberts,* 66 Barb. 498 ; *Schroeder v. Gemeinder,* 10 Nev. 355 ; *Falley v. Giles,* 29 Ind. 114.

G. S. VAN WAGONER, with D. D. BURNES, for respondent, cited : Wag. Stat., chap. 85, sec. 13.; *Hammon v. Douglas,* 50 Mo. 434, 442.

HAYDEN, J., delivered the opinion of the court.

This is an action to recover rent, and is founded on the terms of a lease which the appellant made to the respondent, of a banking-house in the city of St. Louis. The lease was for " the term of three years, at the yearly rent of $7,000, payable $583.33 monthly, when due," and contained the clause, " The said lessee has the privilege of a renewal for ten years more, from the expiration of this lease, at the yearly rent of $7,000, payable monthly." The respondent went into possession under the lease, on May 1, 1867, and at the end of the three years' term continued in possession as before, paying rent at the rate stated in the lease, until May 31, 1876. No notice, of any kind, was given to the appellant until March 31, 1876, when it was notified by the respondent that the latter would, on May 1, 1876, remove from the premises, the respondent

claiming that it was a monthly tenant. The appellant refused to accept a surrender, and brought this suit, which is for seven months' rent, from June to December, 1876, inclusive, at the rate fixed by the lease. The court below gave judgment for the respondent.

The respondent in this case continued in possession of the leased premises for six years, paying rent at the rate specified in the clause providing for the renewal term, and leading the appellant to believe that the holding was under the privilege for the renewal term. The argument of the respondent is, that though its holding over may have created the tenancy contemplated in the clause of renewal, yet such extension of the lease did not renew the old lease, and there was merely an oral contract to occupy for the term specified, which, it is contended, is not good under the provisions of the statute of this State. This argument assumes that it was necessary that the lessor should give a new lease at the beginning of the renewal term, and that, in case of failure to do so, the lessee, though continuing in possession, and paying the rent agreed upon as the rent of the renewal term, would not hold under the lease. It is true that the word "renewal" is used, and not words specifying that the term shall "continue" or "be extended," etc.; but the context, and the intention of the parties, must be regarded. The "privilege of a renewal" is given to the lessee, and, in case he accepts, the lease contains every thing showing the contract of the parties. The words used demand action on the part of the lessee, not of the lessor; the lessee should, at or before the close of the first term, signify his election. This he may do as forcibly by acts as by words; if he does not go out, but continues, and pays rent as before, this puts into operation a clause of the lease which is as much a part of it as is any other clause in it. The contemplation of the parties was, that in a certain contingency the lease might have an extended operation; that contingency, depending on the act of the lessee, now happens, and the continuing operation of the lease follows, and

thus carries into effect the original intent of the parties. The lessee cannot reasonably complain that he is held to the terms of his contract. In fact, his position virtually is, that, having exercised his election, he shall not be bound, but still may affirm or deny the contract at his pleasure. But a party who has an option is as much bound, when he has once exercised his option, as the other party to the contract. As, after making its election, the respondent had the right to enjoy a full term, so it became bound to pay rent for the full term as provided by the lease. The obligation was mutual, and the ability to enforce implies the liability to respond. These views, which seem correct upon principle, are supported by the authorities. *Ranlet* v. *Cook*, 44 N. H. 512; *Woodcock* v. *Roberts*, 66 Barb. 498; *Orton* v. *Noonan*, 27 Wis. 272; *Falley* v. *Giles*, 29 Ind. 114; *Schroeder* v. *Gemeinder*, 10 Nev. 362; *House* v. *Burr*, 24 Barb. 525; *Kramer* v. *Cook*, 7 Gray, 550.

The section of the Landlord and Tenant Act to the effect that all contracts for the leasing of stores, etc., not made in writing, etc., shall be held to be tenancies from month to month, etc., has no application to this case. Wag. Stat. 879, sec. 13. A contract in writing is not the less such because it expresses, and its operation depends upon, a contingency. When the contingency happens, the minds of the parties meet as to all the terms which the writing expresses, and to write them over again would be one of those useless acts which the law does not require. To test the matter by the question of evidence, a new lease would furnish no better or more exact evidence than the existing lease, when taken in connection with the contemporaneous acts of the parties which put the renewal clause into operation.

The judgment of the court below is reversed, and judgment will be entered here for the appellant for the rent, at the rate of $583.33 a month, for the months from June 1 to December 31, inclusive, with interest on each instalment. All the judges concur.