Gorman, J.
This is a proceeding in error to reverse a judgment of the municipal court of Cin *141 cinnati, in favor of defendant in error. The action below was one to recover $125 rent claimed to be due under a lease between defendant in error, Elizabeth Clauss, the lessor, and plaintiff in error, George P. Gross, lessee.
The lease was in the usual form, containing the usual covenants, and was duly signed, attested, acknowledged and recorded. The term was for one year from October 1, 1911, at a yearly rental of $300, payable in monthly installments of $25 in advance. There is the following proviso in the lease: “provided that if the said lessee shall have performed all the conditions of this lease, that said lessee shall have the privilege of renewing the said lease for the term of four years from Oct. 1, 1912, upon the same terms and conditions herein set forth.”
Upon the expiration of the term of one year the lessee, Gross, remained in possession of the premises without anything being said or done by either of the parties with reference to a new lease, and no notice being given by the lessee of his intention to exercise his option or privilege of a renewal. Lessee continued to occupy the premises thereafter, and to pay the $25 rent each month, down to December 31, 1912, three months after the expiration of the original term. On December 31, 1912, he notified the lessor of his intention to relinquish the premises and remove therefrom, but he continued to pay the rent monthly down to September 1, 1913, although he had vacated on December 31, 1912. The premises continued vacant thereafter down to February 1, 1914. The action was for the recovery of the rent for the five months, *142 September, October, November and December, 1913, and January, 1914, upon the claim of the lessor, Mrs. Clauss, that by holding over his term, and nothing being said as to a renewal, the lessee thereby made his election to .take the premises under his privilege of renewal for the further term of four years. The court below held with the defendant in error in her contention, and found that by holding over his term under the circumstances shown the lessee became bound for the additional four years. In this holding we are of the opinion that the court below committed no error.
We are of the opinion that the lessee, Gross, by continuing in possession of the premises and paying the stipulated rent, without notifying the lessor of his intention not to make his election to renew, thereby bound himself for the term of four years from October 1, 1912. See Foster et al. v. Ellison, 12 C. C., N. S., 399, where the court says on page 400, in speaking of the effect of holding over under a lease containing a provision for a renewal similar to the one under consideration:
“The term under the lease is for three and a half years, renewable fo'rever, without any express notice required of the intention of lessee to renew. He held over the term of three and one-half years for a period of twenty days before notice to quit the premises [by the landlord] was served upon him, and thereby elected to renew.”
In 1 Taylor on Landlord and Tenant (9 ed.), Section 332, at page 407, the author says:
“And where no notice is stipulated for, the tenant’s mere continuance in possession and paying *143 rent, without express notice of his desire for the further term, entitles and binds him thereto.” Citing numerous cases.
In Jones on Landlord and Tenant, Section 338, the author discusses the question of whether or not a new lease is necessary under a privilege of renewal or whether at the option of the lessee it is extended by force of the covenant itself and becomes in effect a lease for the additional term. He states that there is a conflict of authorities on this point, New Hampshire, Massachusetts, Missouri and Maine holding that the election is exercised, where no notice is required, by the tenant remaining in possession and paying the rent. See Ranlet v. Cook, 44 N. H., 512; Hall v. Spaulding, 42 N. H., 259; Ferguson v. Jackson, 180 Mass., 557, and Insurance & Law Bldg. Co. v. National Bank, 5 Mo. App., 333, affirmed 71 Mo., 58.
The author further states that there are authorities holding that the word “renew’-’ and “extend” should be construed to mean that a new lease should be executed, citing Kollock v. Scribner, 98 Wis., 104, and Orton v. Noonan, 27 Wis., 272.
We think that the best considered authorities hold that a lease for a term with a privilege or option in the tenant of a renewal or extension for a further term upon the same terms and conditions is a present demise as to the renewal to begin at a future time, and under such leases no new lease need be required, but any indication on the part of the tenant of his intention to avail himself of his privilege operates to extend to him the right of the additional term.
*144 It is true that some authorities make a distinction between a privilege of “renewal” and a privilege of “extension,” but for all practical purposes, and to the mind of an ordinary person, a privilege of “renewal” and a privilege of “extension” vest in the lessee the same right, a right that adheres to the land and a covenant that runs with it.
The case of Stevenson v. Alms, 9 W. L. B., 17, is cited as an authority by counsel for plaintiff in error, to the effect that a tenant holding over under a lease similar to the one in the case at bar is not bound for the additional term. An examination of the facts in that case discloses that the tenant before the expiration of his term notified the lessor of his intention not to avail himself of his privilege and that he intended to vacate at the end of his term, and it was known to the lessor that the tenant had made arrangements to vacate and take other premises in the vicinity; so that it could not be held, as a matter of law, that by holding over in that case the lessee had impliedly elected to renew the lease.
In the case at bar the tenant, by continuing for three months in the premises, paying the rent under the lease and not notifying the lessor of his intention to surrender the premises and relinquish his privilege of a renewal, must be held to have thereby impliedly made his election to avail himself of his privilege of renewal, and to have thereby bound himself, and also the lessor, for the additional term. The rent not having been paid for the five months, and having accrued under the renewed term of the lease, the lessee became liable *145 therefor, and' the judgment was properly entered against him.

Judgment affirmed.

Jones, E. H., and Jones, Oliver B., JJ., concur.