NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1598
_____

UNITED STATES OF AMERICA,

v.

RAYFAEL ROMAN
a/k/a RAY BUCKS,

Appellant

_____

On Appeal from the United States
District Court for the District of New Jersey
(D.C. No. 2:18-cr-00489-001)
District Judge: Hon. Kevin McNulty

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on August 16, 2021

Before: CHAGARES, MATEY, and FUENTES, *Circuit Judges.*

(Opinion Filed: August 18, 2021)

_____

OPINION*
_____

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

FUENTES, *Circuit Judge*.

Rayfael Roman appeals from the District Court's judgment sentencing him as a "Career Offender" under § 4B1.2(b) of the U.S. Sentencing Guidelines.[1]  After briefing was complete, we held this appeal *curia advisari vult* pending our en banc decision in *United States v. Nasir*.[2]  In *Nasir*, the Court held that inchoate crimes are not "controlled substance offenses" for purposes of § 4B1.2(b) and therefore cannot give rise to a Career Offender enhancement.[3]  Thereafter, Roman, who was sentenced as a Career Offender based on his prior conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, filed a motion seeking summary reversal of his sentence (the "Motion").[4]  We will grant the Motion, vacate his sentence, and remand.[5]

Roman was sentenced as a Career Offender based on his prior conviction for an

---

[1]  The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2]  982 F.3d 144 (3d Cir. 2020) (en banc).

[3]  *Id.* at 156, 160 ("We agree with Nasir that the plain language of the guidelines does not include inchoate crimes, so he must be resentenced . . . . Therefore, sitting en banc, we overrule *Hightower*, and accordingly, will vacate Nasir's sentence and remand for resentencing without his being classified as a career offender.").

[4]  Roman also filed a letter pursuant to Federal Rule of Appellate Procedure 28(j) alerting us to several cases regarding this issue in which the Supreme Court has denied certiorari.  In response, the Government conceded that *Nasir* remains controlling in this Circuit, but maintained its position that any sentencing error below was harmless, as described *infra*.

[5]  In doing so, we also grant Roman's motion to file his reply out of time.

inchoate "conspiracy" offense. *Nasir* makes clear, and the Government concedes, that this offense no longer qualifies Roman for Career Offender status. The Government instead opposes the Motion on the grounds that resentencing is not required because the District Court was likely to impose the same sentence regardless of the Career Offender enhancement. In other words, any error below was harmless, and the District Court's consideration of *Nasir* is unlikely to change Roman's sentence.

In support of its argument, the Government notes that the District Court granted a five-level downward variance from the Career Offender range, acknowledging that it was not a "huge fan"[6] of the Career Offender guideline. But the District Court plainly stated that it would not "completely ignore the effect of the Career Offender Guideline by just imposing [a] sentence in the range that would otherwise apply if it didn't exist."[7] We need not speculate about what the District Court would have done, but note that the record does not necessarily show a "high probability 'that the sentencing judge would have imposed the same sentence under a correct Guidelines range'" that did not include the erroneous Career Offender enhancement.[8]

---

[6]     App. 142.

[7]     App. 149-50; *see also* App. 152 ("I have not sentenced the defendant to the range that would apply if the Career Offender Guideline did not exist but to somewhat above that.").

[8]     *United States v. Zabielski*, 711 F.3d 381, 387 (3d Cir. 2013) (quoting *United States v. Langford*, 516 F.3d 205, 216 (3d Cir. 2008)).

3

Alternatively, the Government argues that if we do remand the case, we should instruct the District Court to solely consider the question of harmless error. We decline to remand the case with the restrictions requested by the Government. If, on remand, the District Court determines that it would have imposed the same sentence regardless, it may do so. But we see no compelling reason to limit its review at the outset.[9]

*****

For these reasons, we will vacate Roman's sentence and remand the case for further proceedings consistent with this opinion.

---

[9] To be clear, we express no opinion on whether the District Court should or should not impose the same sentence on remand.