[No. 15550.   Department One.   March 19, 1920.]

WILLIAM HENRY et al., Appellants, v. BRUHN & HENRY, INCORPORATED, Respondent.[1]

LANDLORD AND TENANT (31) — LEASE — OPTION FOR RENEWAL — NOTICE—CONTINUING POSSESSION.   Where a lease gave the right to a renewal or an extension without providing for the giving of any notice to the lessor, the lessee is entitled to the benefit of an extension or renewal by continuing in possession at the end of the original term, without giving formal notice of intention to exercise the option, provided such possession is indicative of an exercise of the option and nothing is done to forfeit his rights.

PLEADING (73) — REPLY — DEPARTURE FROM COMPLAINT.   Where plaintiffs, lessors, sued to recover possession of leased premises, alleging that the lease had expired, and defendants answered that they had elected to and were holding under their option to renew the lease for a further term, a reply alleging defendants' breach of conditions of the lease forfeiting their right to a renewal does not constitute a departure in pleadings.

LANDLORD AND TENANT (36-1)—TENANT'S RIGHT TO RENEWAL— FORFEITURE—BREACH OF COVENANTS.   A lessee's right to a renewal of lease may be forfeited by breach of covenant, and the lessor should be allowed to show violation of provisions respecting the manner in which the land was to be cropped, and default in payment of rent.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered July 10, 1919, upon findings in favor of the defendant, in an action to recover the possession of leased premises, tried to the court.   Reversed.

J. A. Coleman and James M. Hogan, for appellants.
E. W. Klein, for respondent.

MACKINTOSH, J.—The respondent held a lease upon property owned by the appellants for the "term of five years from February 2nd, 1914, . . . with the

[1]Reported in 188 Pac. 506.

right to renew this lease for another five years at the same rental as for the first term of five years." The appellants, two weeks after the end of the first term of five years, began this action to recover possession of the property, alleging that the lease had expired. By affirmative answer, the respondent plead that, prior to the expiration of the first term of five years, the respondent had elected to renew the lease for an additional five-year term, and that the appellants had actual and constructive notice of this election. Appellants demurred to this answer, for the reason that it did not contain an allegation to the effect that respondent had complied with all of the conditions of the lease. The demurrer being overruled, the appellants filed a reply which contained an affirmative pleading that the respondent was not entitled to effect a renewal of the lease for the reason that it had violated two conditions of the lease; the first being that it had planted certain of the leased lands to crops, which was contrary to a provision that the land was not to be plowed but to be maintained as pasture; and second, that the rent had not been paid for the last quarter. This affirmative matter in the reply was stricken upon motion, and again upon the trial the offer to prove these matters as alleged in the reply was denied by the court.

Considering first the question of what was necessary to effect a renewal of the lease, it will be observed that the conditions of the additional term were to be the same as the original term, and the lease is silent as to notice of respondent's exercise of its option and the manner in which the option for the additional term was to be exercised. The appellants claim that the option in the lease was for a renewal and not for an extension. The distinction between an option of renewal and an option of extension is sometimes extremely difficult of discernment. Where the option

of renewal contained in the lease is solely for the benefit of the lessee, and there is no provision for notice to the lessor of the exercise of the option, there is authority for the view that the renewal may be effected without notice to the lessor simply by the lessee remaining in possession after the expiration of the first term, and that such action by both parties renews the lease for another term. *Crenshaw-Gary Lumber Co. v. Norton,* 111 Miss. 720, 72 South. 140, L. R. A. 1916E 1230. The rule is stated by Underhill, on Landlord and Tenant, at §§ 803 and 809, as follows:

"It is often necessary to distinguish between a lease for a term with a provision that, at the election of the lessee, it shall continue for a further term, and a lease for a fixed term with a covenant that on or before the expiration of the term the lease shall be renewed if the lessee so elect. The question is always one of construction, depending wholly upon the language of the lease in each particular case. No general rule can be gathered from the cases by which one can distinguish between a present demise which shall determine at a fixed date or shall endure for a further period thereafter at the option of the tenant, and a lease for a definite term with an agreement to make a new lease when it shall have ended. . . . So, where a lease gives the lessee a renewal at his election, and he elects to continue, a present demise is created which is subject to all the conditions and covenants of his former lease and it is not necessary that a new lease should be executed. In the absence of an express provision that a new lease is intended to be executed, the presumption is that no new lease is intended, but that the lessee is to continue to hold under the original lease. The lease must clearly and positively show that the making of a new lease was intended. This must appear from the express language of the parties. The reason for the presumption is the fact that the making of a new lease will involve trouble and expense which should be avoided by the courts, if possible, unless it is very clear that the parties had expressly agreed to incur

such trouble and expense. For if the new lease, as is always the case, when executed, is but a substitute for and a re-execution of the old lease, it is in no wise more efficacious or obligatory nor does it confer any greater rights than the latter. Hence, a court of equity will not direct the performance of a useless ceremony but will regard the language of such leases, as conferring a vested interest in the lessee at their execution with an option in him to continue or determine that interest at some further date. In all cases where, from the language of the lease, viewed in connection with the circumstances of the case, it is clear that an execution of a new lease was not the intention of the parties but that the provision was for an extension, the continuing in possession of the lessee after the lease has expired without notice to the landlord unless notice is expressly required, is an extension of the lease and operates to continue the relation of landlord and tenant. . . . If the tenant makes the election the lease becomes a lease both for the original term and the extended term as he holds under the original demise. The original lease is for a fixed period absolutely and the lease created by the exercise of the tenant's election is a lease upon condition precedent which, when it is fulfilled or performed, the original lease runs into the conditional lease constituting one absolute and continuous term. The event on which the conditional lease is to become absolute may be, and it usually is, some act to be done or performed or notice to be given by the lessee. His act or notice does not make the contract but only renders that absolute which was before contingent.'' (Section 803.)

''Where a lease conferring an option to renew upon the lessee omits to provide that he shall notify the lessor of his election to renew, a notice from him to his lessor of his intention to renew is not required. In such a case the lessee's merely remaining in possession after the term has expired is an exercise of the option to renew and binds both him and his lessor for a new term. But usually where notice of an intention to renew is required by the terms of the lease to be given by the lessee to the lessor it can not be dispensed

with. If a written notice is to be given the lessee must comply with the stipulation for such notice. Whether temporary and partial occupancy of premises by the lessee after the term has expired shall be regarded as a renewal of the lease by the parties under a clause permitting the lessee to renew, must be determined by the court from all the circumstances, and not solely from the fact of remaining in occupancy after the lease is at an end. . . . If the lease does not provide for actual notice by the lessee any holding over by the lessee with the knowledge and consent of the lessor may operate as a renewal of the lease." (Section 809.)

Sections 152, 154 and 155, respectively, of McAdam on Landlord and Tenant, are as follows:

"In case the lease gives to the tenant a privilege of renewal, the latter should be careful to observe the condition upon which the renewal is to be granted. Thus, if it is conditional upon the giving of notice, the election to require a renewal should be given in strict accordance with the requirements of the lease. The notice should be clear and unconditional. Where the service of a notice or the doing of some other act is not imposed as a condition, continuing in possession after expiration of the lease is considered equivalent to an election to take the further lease stipulated for in the original lease; and this entitles the tenant to hold the premises subject only to the rent reserved by the original lease, until the lessors perform their covenant by executing a lease for the additional term. . . . Where the lease gives the lessee the option to remain as tenant for another term, as, where a lease is for ten years, with a provision that the lessee 'may, if he desires to do so, remain for ten years more,' the lease is, if the tenant so elects, a good lease for twenty years. And so where the privilege of renewal is unconditionally granted, no duty is cast upon the lessee other than remaining in possession if he elects to renew. But where the renewal is conditional upon the service of notice this duty should be attended to according to the requirements of the lease. . . . Where a right of renewal is given, the election to take

it must be exercised during the term, unless the lessor dispense with or by his conduct waive such election, or the phraseology of the lease require no formal act to signify an election further than the mere passive continuance of actual possession.''

''If the lease does not stipulate for any special form of notice of an election to take another term, no particular form of notice is required by law. In such a case the intent and understanding of the parties as manifested by their acts and words, is the controlling consideration in determining whether the tenant has made his election, and given due notice thereof to the landlord.''

''Equity will relieve a lessee who fails to comply with a condition respecting notice, in a covenant for the renewal of his lease, and compel specific performance thereof, where it appears that he has given a fair intimation of his intention to renew, and no injury has been done the other party; but not where there has been gross laches, or where the neglect was wilful, and a condition requiring written notice may be dispensed with on like grounds.''

16 R. C. L., at pages 893, 894 and 895, present the rule thus:

''Where the lease is for a stated term with the privilege to the lessee of extending the term for a further period, and contains no provision for notice to the lessor of the lessee's election so to extend the term, it has been held that the lessee is not required to give express notice to the lessor before the expiration of the first period of his election to extend the term. On the other hand, where the option is one of renewal it is held in some jurisdictions that the lessee must ordinarily notify the lessor of his election to renew before the expiration of the original term; other cases, however, deny that it is necessary to give such notice. Leases providing for a renewal frequently require that a specified notice shall be given of the lessee's exercise of the option to extend or renew, and such a provision must, as a general rule, be complied with, to confer any right upon the lessee; still compliance

with the requirement may be waived by the lessor both as regards the option to renew, and as regards a privilege for an additional term as distinguished from a privilege to renew; and as a general rule it seems that the lessor's acceptance without objection and acting upon a notice not given within the required time is a waiver. It has been also held that if time is not made the essence of the contract, equity will relieve against the loss of the right to renew for the failure of the lessee to give the required notice, if such failure is due to excusable ignorance or mistake.''

''The authorities are not in accord with regard to either the rights or liabilities of a tenant arising from his holding over under a lease conferring upon him the right to renew or extend the term. It is the generally recognized rule that where a lease provides that the tenant may have, at his option, an extension for a specified time after the expiration of the term agreed upon in the lease, or may occupy for an extended term including the term specified, the mere holding over after the expiration of the specified term will constitute an election to hold for the additional or extended term, and the tenant, after holding over beyond the first term without any new arrangement, is bound for the additional or extended term as fully and completely as though that term had been originally included in the lease when executed. The reason for this is that upon the exercise of the privilege for the extended term evidenced by the holding over the original lease becomes a present demise for the full extended term.''

''The view is also taken in some jurisdictions, where a lease contains a general covenant to renew, and the tenant holds over without having expressly notified the landlord of his election to renew, that this is sufficient to confer upon the lessor the right to hold the tenant for the renewal period, and also sufficiently evidences the lessee's exercise of his election to renew as to entitle him to hold for the renewal period.''

The courts of many states are committed to a contrary doctrine, and hold that a renewal cannot be

effected without notice to the lessor. The great weight of the earlier authorities seems to be in favor of this doctrine. The better rule, however, would seem to be that enunciated in the foregoing quotations, which entitles the lessee to the benefit of an extension or renewal by continuing in possession at the expiration of the original lease without giving formal notice of his intention to exercise his option for a renewal or extension, provided the continued possession is indicative of an exercise of the option, where no notice is required by the terms of the original lease and the lessor has not requested that the lessee make known its intentions as to the exercise of its option, and the lessee had done nothing to forfeit its rights to exercise such option. This rule obviates the necessity of drawing refined distinctions between renewals and extensions in many cases. It is therefore unnecessary to determine whether the lease before us was one calling for a renewal or an extension; for, in either event, it was unnecessary for the lessee to give notice of its desire to exercise its option. It will be noted in this case, however, that evidence was introduced showing a notice of renewal to have been given and the trial court found as a fact that such notice was given.

The affirmative matter in the reply seems to have been stricken on the theory that it constituted a variance from the allegations in the complaint. The complaint was based upon the theory that the respondent was in possession of property to which it had no lease. The answer alleged that the respondent was in possession under its exercise of its option to renew its original lease, and the reply then asserted that the respondent, by the breach of certain conditions of the original lease, was not entitled to a renewal. This does not in any way constitute a departure from the position of the appellants in their complaint. When

drawing their complaint, they were not called upon to anticipate the defense which might be interposed, and to allege in their complaint that the respondent might claim that it was holding under a renewal of the lease, but that that claim would be void for the reason that the respondent was not entitled to renewal, having breached the conditions of the original lease.   The pleading of the appellants was orderly and took no inconsistent position, and the court was in error in striking the affirmative matter from the reply and refusing proffered proof of the facts therein alleged. *Erickson v. McLellan & Co.,* 46 Wash. 661, 91 Pac. 249; *Hallidie Machinery Co. v. Whidbey Island Sand & Gravel Co.,* 73 Wash. 403, 131 Pac. 1156, 45 L. R. A. (N. S.) 40.

The right to renewal may be defeated by the lessee's failure to perform his agreements and covenants, and in this case the appellants should have been allowed to prove that there had been such a breach by the lessee as to forfeit its right to the new term.   In the absence of the evidence claimed to establish such breach, we are not called on to determine whether the respondent had lost its right to exercise the option contained in the lease.

The judgment will be reversed, and the cause remanded for new trial.

HOLCOMB, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.