## STAFFORD v. TODD.

*Wills—Later will filed after former one probated—Appeal from refusal to probate cannot be enjoined—Procedure to challenge refusal to probate second will—Conclusiveness of order probating first will.*

1. Where a will is probated by an order of the Probate Court, and a later will is afterwards filed for probate, and where proceedings are pending in the Court of Common Pleas on appeal, such proceedings will not be enjoined at the suit of those interested in the will first probated.

2. The proponents of the later will by filing that will for probate, and by perfecting an appeal in the Court of Common Pleas from an order of the Probate Court refusing to probate such later will, are pursuing a remedy authorized by law.

3. The order of probate of the first will is not conclusive as against proper proceedings pending to establish and probate such later will.

(Decided December 15, 1921.)

ERROR: Court of Appeals for Champaign county.

*Messrs. Johnson & Miller,* for plaintiff in error.
*Messrs. Deaton, Bodey & Bodey; Messrs. Buroker & Zimmer,* and *Messrs. Miller & Middleton,* for defendant in error.

KUNKLE, J. This is an action in equity wherein plaintiff in error seeks to enjoin a proceeding pending in the Court of Common Pleas on an appeal taken from an order of the Probate Court refusing to probate an alleged second or later will of Robert Sanders, deceased.

A demurrer was sustained to the petition in the Court of Common Pleas, and plaintiff in error

prosecutes error to this court from such ruling of the Court of Common Pleas.

In brief it appears that upon the death of Robert Sanders a document purporting to be his will was duly probated in the Probate Court of Champaign county, and the plaintiff in error, Effie Stafford, was appointed executrix under such will.

Subsequent to the probate of the will above mentioned, defendant in error offered for probate in the Probate Court of Champaign county a document purporting to be a later will of said decedent, Robert Sanders. The Probate Court refused to admit such will to probate, and an appeal was taken to the Common Pleas Court from such judgment of the Probate Court. This appeal was pending in the Court of Common Pleas when the petition for an injunction was filed in the case at bar.

In substance, counsel for plaintiff in error contend that under Section 10531, General Code, the order of probate of the former will is forever binding, in the absence of a successful contest of such will.

Upon this theory, counsel for plaintiff in error claim that the proceeding to probate the alleged later will is without authority in law and constitutes vexatious litigation, and that plaintiff in error is entitled to an injunction against such proceeding for the purpose of preventing such vexatious litigation and also for the purpose of preventing a multiplicity of suits.

Counsel have favored the court with very helpful briefs, which we have carefully considered. The case presents an interesting question.

Upon a consideration of the authorities and the

sections of the statutes involved, we think the case is controlled by Sections 10522 and 10523, General Code.

We have carefully read these sections as codified, as they appear in our General Code, and also as they appear in their original form as found in 95 Ohio Laws, page 466.

A careful consideration of the phraseology and punctuation of the original act, as it appears in 95 Ohio Laws, page 466, and of the phraseology of the sections as codified, satisfies us that the Legislature intended to provide a method for the probating of later domestic wills as well as for the probating of authenticated copies of later foreign wills.

We cannot escape the conclusion that these sections of the code authorize the probation of a domestic will of later date, and that when such will of later date is probated it automatically supersedes the will formerly probated.

Defendant in error prosecuted an appeal to the Court of Common Pleas from the refusal of the Probate Court to probate such last will, and in so doing pursued a remedy conferred upon him by law. Upon the refusal of the Probate Court to probate such later will, defendant in error, and the devisees in such alleged later will, had no other adequate remedy for establishing the validity of such will. Defendant in error is entitled not only to contest the validity of the former will, but also to an adjudication of the question whether the later will is or is not the last will and testament of Robert Sanders. A contest of the former will, however, would not establish the validity of the later will.

In our opinion, therefore, the proceeding to probate the later will is not a vexatious proceeding, but is one which is necessary to secure a substantial right belonging to defendant in error.

We have been advised, outside the record, that the Probate Court has admitted the later will to probate. If so, then such judgment of probate would, until reversed, make the later will effective unless contested and set aside.

For the reasons above stated we think the lower court properly sustained the demurrer to the petition, and the judgment of the lower court will be affirmed.

*Judgment affirmed.*

FERNEDING and ALLREAD, JJ., concur.