[No. 17313.  Department One.  November 8, 1922.]

G. M. BUSHNELL, *Appellant*, v. JAMES SPENCER *et al.*, *Respondents.*[1]

LANDLORD AND TENANT (128) — UNLAWFUL DETAINER — HOLDING OVER AFTER EXPIRATION OF TERM—LIABILITY OF TENANT—STATUTES. Under Rem. Comp. Stat., § 813, tenants of agricultural land under a lease for one year, who hold over for more than sixty days after expiration of the term, without demand or notice to quit, are entitled to hold for another full year.

SAME (128).  The provision of such section that, on such holding over, the tenant shall be entitled to hold over "under the terms of the lease for another full year," was intended to fix the terms of the extended lease, and not to render the tenant guilty of unlawful detainer if in default.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered November 28,

[1]Reported in 210 Pac. 195.

1921, upon sustaining a demurrer to the complaint, dismissing an action in unlawful detainer. Affirmed.

*Thos. L. O'Leary,* for appellant.

*Geo. F. Yantis,* for respondents.

MITCHELL, J.—This is a special proceeding in unlawful detainer. The amended complaint shows that the plaintiff is the owner of several hundred acres of agricultural land that was leased to the defendants for one year in consideration of one-half of the crops and one-half of the net proceeds derived from farming the lands; that defendants had not paid the rent due for the year; that, four months after the expiration of the term, the tenants still remaining in possession of the premises, the plaintiff gave them written notice to pay the rent, specifying the amount thereof then four months past due, or in the alternative surrender the premises within three days, and that defendants have failed to pay the rent demanded and refused to quit the premises. A demurrer to the amended complaint was sustained. The plaintiff having elected not to further plead, the action was dismissed, from which this appeal has been taken.

Section 813, Rem. Comp. Stat., is decisive of the case. It provides:

"In all cases of tenancy upon agricultural lands, where the tenant has held over and retained possession for more than sixty days after the expiration of his term, without any demand or notice to quit by his landlord or the successor in estate of his landlord, if any there be, he shall be deemed to be holding by permission of his landlord or the successor in estate of his landlord, if any there be, and shall be entitled to hold under the terms of the lease for another full year, and shall not be guilty of an unlawful detainer during said year, and such holding over for the period aforesaid

shall be taken and construed as a consent on the part of a tenant to hold for another year.''

Here the tenants did hold over more than sixty days after expiration of the term, without any demand or notice to quit by the landlord. In such case the statute specifically fixes the relation of the parties by declaring that the tenant shall be deemed to be holding by permission of the landlord and shall be entitled to hold for another full year, yielding therefor the same rental that the parties agreed upon for the previous year, without the tenant being guilty of unlawful detainer during the year he holds over, and that such holding over for the period mentioned shall be taken as consent on the part of tenant to hold for another year. Under the statute there is nothing uncertain as to either the term or the consideration, both of which are considered as agreed to by the parties because of the terms of the law.

It is argued on behalf of the appellant that the case of *Henry v. Bruhn & Henry,* 110 Wash. 321, 188 Pac. 506, controls this case in favor of the appellant. That was a case of a lease for a term of five years with the right of renewal for another five years. The suit arose after the expiration of the original term. It was to recover possession of the property, alleging that the lease had expired. The complaint necessarily called for an answer wherein the defendants alleged facts which they claimed entitled them to a renewal, and one of the questions in the case was the determination of what was necessary on the part of the tenants to effect a renewal of the lease for another five years, considering the terms of the written agreement between the parties. There is no such question in the present case. As already seen, the statute reads that if the tenant on agricultural lands holds over and retains possession

for more than sixty days, without any demand or notice to quit by the landlord, it shall be deemed and construed that the landlord permits and the tenant consents to a holding over for another full year, and the amended complaint presents just that situation, alleging as it does that the lands are agricultural, that there was a lease of them for a year, and that the tenant remained in possession for more than sixty days after the expiration of the term without any demand or notice to quit.

Emphasizing the words "and shall be entitled to hold under the terms of the lease for another full year," found in the statute, it is contended on behalf of the appellant that at least the tenants must pay all that may be due for the previous year to be entitled to hold for another full year. Such interpretation is unwarranted. The true, natural meaning of those words is to fix by direction the consideration to be paid by the tenant for the term of another full year. They do not mean that the payment of the debt for the last year's rent is a prerequisite to the right to hold for another year without being guilty of unlawful detainer.

Judgment affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.