GEORGE v. THE WM. C. JOHNSON CANDY CO.

*Contracts—Action on account and for breach—Defense of gambling transaction—Verdict inconsistent. and judgment against weight of evidence.*

In a suit on a contract setting forth two causes of action, one to recover for goods sold and delivered and the other for breach of contract to purchase goods, the defense being that the articles sold were parts of gambling devices known as "punch board assortments," the sale of which was contrary to law, and it being evident that the jury denied relief on the first cause of action because the articles sold were gambling devices, and allowed recovery on the second cause of action because the contract therein set forth did not involve or relate to gambling devices, the judgment based upon such verdict will be reversed as against the weight of the evidence, where there is no essential difference between the two causes of action and it is apparent from the correspondence between the parties that the goods involved in the first cause of action constituted gambling devices, and were ordered and sold for the purpose of being so used, and the contract involved in the second cause of action was for the delivery of goods identical with those in the first and part of the same general transaction and intended by the parties to be of the same character.

(Decided May 25, 1923.)

ERROR: Court of Appeals for Wayne county.

*Mr. C. W. Horn* and *Messrs. Weygandt & Ross,* for plaintiff in error.

*Messrs. Critchfield & Etling,* for defendant in error.

WASHBURN, J. This is the second time this controversy has been before this court. In the other

case a judgment for defendant in error, The William C. Johnson Candy Company, was reversed for error of the trial court in directing the jury to return such judgment. The case was retried in the Common Pleas Court, the issues being the same, and was submitted to a jury, the result being a verdict and judgment for present defendant in error, the Johnson Company.

In disposing of the case this time it is unnecessary to repeat, in statement or conclusion of law, what was said in the former opinion. (See *George v. Wm. C. Johnson Candy Co.*, 16 Ohio App., 487.)

The first cause of action was to recover for "packages of candy sold and delivered," and the second cause of action was for damages caused by the failure of plaintiff in error, Louis George, to take and pay for all the "satin overstuffed fancy candy boxes" ordered by him.

The defense to both causes of action was that said articles were a part of gaming or gambling devices known as "punch board assortments," the sale and use of which is prohibited by and contrary to the laws of Ohio, and against public policy.

It is evident from the amount of the verdict, considered in connection with the charge of the court, that the jury denied relief on the first cause of action because the articles for which recovery was therein sought, and the punch boards sent therewith, were so related as together to constitute gaming or gambling devices, and were sold for such purpose, and allowed recovery on the second cause of action because the contract, for the breach of which damages were sought in the sec-

ond cause of action, did not concern or relate to a gaming device.

Such conclusion is not justified by the record, but is contrary thereto.

So far as the question whether or not the transactions related to gaming or gambling devices is concerned, there is no essential difference in the two causes of action—one was for the selling price of a sold and delivered gaming device, and the other was for damages for the breach of a contract to purchase such a device.

The correspondence between the parties referred to the two transactions in identical terms; in each instance the contract was for "assortments" or "deals," which were understood to be cartons, each containing prizes that consisted of boxes of candy, and a punch board, advertising such prizes thereon, and the prizes and punch board were so designedly connected and purposely made interdependent as to constitute the whole a gaming device—ordered as such and sold for the sole purpose of being so used.

The transaction involved in the second cause of action grew out of an order for 100 "Moonlight Deals," a part of which was delivered and paid for; those that were delivered were gambling devices, in effect so found by the jury in this case, and those not delivered were contracted for in the same manner and as a part of the same negotiations, and were a part of the same general transaction and intended by both parties to be of the same character, all of which is apparent from the correspondence between the parties, a part of which was quoted in our former opinion.

There is nothing in the correspondence or nego-

tiations or conduct of the parties which justifies the inference that the "Moonlight Deals" were any different or any more virtuous than the other "deals," recovery for which was rightfully denied by the jury.

After giving to the finding of the jury that due regard and importance which under our system of administering justice is required in a reviewing court, we are clearly of the opinion that such finding is manifestly against the weight of the evidence, and for that reason the judgment is reversed and the cause remanded.

*Judgment reversed, and cause remanded.*

FUNK, P. J., and PARDEE, J., concur.