STOUT *v.* TOBIAS.

(Decided — November 7, 1927.)

*Mr. R. A. Hunsinger* and *Mr. A. V. Baumann,* for plaintiff in error.

*Messrs. Culbert & Culbert,* for defendant in error.

RICHARDS, J.    The original action was commenced by Stout against Tobias before a justice of the peace to recover possession of certain premises claimed by the defendant under a lease and extension thereof. The justice of the peace rendered a judgment for the plaintiff, ordering restitution of the premises. Error was prosecuted to the court of common pleas, where the judgment was reversed, and final judgment rendered in favor of Tobias, the tenant. Proceedings in error are prosecuted in this court to secure a reversal of this latter judgment.

The lease was made to Tobias on April 1, 1926,

and was for the period of one year, commencing on April 26, 1926. The lease was executed before a notary public and two witnesses, and contains the following provision:

"Second party shall have privilege of four additional years at $35 per month, payable as above stated."

The landlord's complaint was filed promptly on the expiration of the one-year term, contending that the tenant had no right to any extended term, because no notice had been given of his election to hold the premises beyond the original term of one year. The evidence shows that the rent was paid or tendered promptly, and the only question for determination is with relation to the claim of the landlord that the tenant was not entitled to an extension of the term without giving notice, prior to the expiration of the lease, of his intention to hold for the extended term.

The lease itself contains no provision requiring the tenant to give notice of his election to hold for the extended term. The rule applicable in such cases is stated in 16 Ruling Case Law, 894, as follows:

"It is the generally recognized rule that, where a lease provides that the tenant may have, at his option, an extension for a specified time after the expiration of the term agreed upon in the lease, or may occupy for an extended term, including the term specified, the mere holding over after the expiration of the specified term will constitute an election to hold for the additional or extended term, and the tenant, after holding over beyond the first term without any new arrangement, is bound for the ad-

ditional or extended term as fully and completely as though that term had been originally included in the lease when executed. The reason for this is that, upon the exercise of the privilege for the extended term evidenced by the holding over, the original lease becomes a present demise for the full extended term. * * * Likewise, it is held that where a lessee, having a general privilege of extending the lease, holds over, even without any notice to the lessor of his election to extend the lease for the further term, his holding over constitutes such an election, and he is entitled as against the lessor to hold for the further term."

The same principle is stated in 35 Corpus Juris, 1036. See, also, *Gross* v. *Clauss,* 6 Ohio App., 140; *Henry* v. *Bruhn & Henry, Inc.,* 110 Wash., 321, 188 P., 506; *Crenshaw-Gray Lumber Co.* v. *Norton,* 111 Miss., 720, 72 So., 140, L. R. A., 1916E, 1227, 1232.

Counsel for plaintiff in error rely on *Mack* v. *Eckerlin,* 17 C. D., 133. That case, however, was one in which the lease provided for a renewal, while the lease in the case at bar simply gives the tenant the privilege of four additional years, and contains no requirement for a renewal. The authorities are substantially uniform that, where the tenant has the privilege of an extension, no notice is necessary and the election is exercised by simply holding over. Where the lease gives the privilege of renewal to the tenant, the authorities are in conflict as to whether a notice must be given by the tenant prior to the expiration of the original lease.

It seems clear that, under a lease containing a provision like the one now in controversy, the mere holding over by the tenant constituted an election

to hold for the extended term, and he was not required to give any notice to the lessor of his intention to so hold.

Finding no prejudicial error, the judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

WILLIAMS and LLOYD, JJ., concur.