PETITT *v.* MORTON ET AL.

228

(Decided April 16, 1928.)

*Mr. H. L. Deibel,* for plaintiff in error.

*Mr. J. A. Curtis* and *Messrs. Day & Day,* for defendants in error.

SULLIVAN, P. J. These are proceedings in error from the court of common pleas of Cuyahoga county, and the question is whether the court committed prejudicial error in overruling a demurrer to the first ground of defense of the answer filed by the defendants, which traversed the allegations of an amended petition, wherein it is sought, on the part of the petitioner, Morton Petitt, to have a trust declared in the defendant Morton, in favor of the

plaintiff, in what is known as the Savoy Hotel property, located on Euclid avenue in the city of Cleveland, in the downtown section, and which is claimed to be very valuable property.

In 1905, Milton Morton, father of defendant, William C. Morton, executed a will and testament, which is said to be the last will and testament of the decedent, Milton Morton, which will was admitted to probate in due form in the same year. It is claimed that this will is an instrument of no legal force and effect, because it was forged by the defendant and fraudulently probated by him, and under it he and his sisters, the co-legatees and only heirs at law, took custody, possession, and control of the property, and now hold the legal title thereto by virtue of said will thus probated.

It appears that earlier on the same day that this will was made, there was another will made which named as devisee a nephew of the decedent, the plaintiff in error, Morton Petitt, and it appears that the forgery was not discovered until years afterwards, when the statute of limitations had run against the right to contest the will under the statute. The plaintiff uses this unprobated will as a basis for the declaration of the trust, according to the allegations of the amended petition, and, specifically, the relief sought is a decree in equity declaring the defendant Morton a trustee *ex maleficio* for the plaintiff as to the rents and profits which have come into the possession of the heirs at law, and an accounting.

The answer has two defenses, but the first one is the only one material to the issue raised by the demurrer, and, in substance, it is that the plaintiff has

no capacity to sue or to maintain his action because the unprobated will has never been admitted to probate under the statute, or otherwise, in the county of Cuyahoga, where the property is located. The demurrer was filed to this first defense, and, being general in its nature, alleged that the answer was insufficient in law to constitute a valid ground of defense to the cause of action incorporated in the amended petition, and, this demurrer having been overruled by the common pleas court, and the plaintiff not desiring to plead further, judgment was rendered in behalf of the defendants, and by these proceedings it is sought to reverse the judgment of the court in overruling the demurrer as it applies to the first ground of defense.

Thus the vital question is whether a court of equity, under the unprobated will, can declare a trust on the ground of fraud, and in that manner ultimately have declared invalid the will in favor of the heirs at law, duly probated under the statute, under which occupancy, possession, and rents and profits ensue.

There was no effort to attempt to probate the will making the nephew the devisee, as it is admitted that under the law the probate court would not and could not, without independent proceedings in a court of equity, probate the same, and it is conceded that, by the dates in the record, the time for contesting the will probated has for a period of years elapsed under the limitations enjoined by the statutes.

Under the holding in the case of *Stafford* v. *Todd,* 17 Ohio App., 114, proceedings to probate the prior will might have been attempted, and upon an order refusing the probate thereof appeal might have

been had, even though the probated will itself was a living and operating instrument which conveyed the legal title through the defendants in error. The course which is suggested by the syllabus in that case was not adopted, for the reasons herein noted, to wit, that probate would have been refused, and that, independent of any such action on the part of the probate court, the plaintiff had a right, on the grounds of fraud and forgery, as in the instant proceedings, to establish proceedings to declare a trust upon the structure of the unprobated will, and eventually, through proceedings in equity, to set aside the probated will by declaring a trust, and through some subsequent process to secure under the Ohio statutes the probate of the unprobated will, because it is conceded that it is only the probate court or the common pleas court that has the power to probate the last will and testament of a deceased person.

This proceeding, intimated in the syllabus of *Stafford* v. *Todd, supra,* is as follows:

"Where a will is probated by an order of the probate court, and a later will is afterwards filed for probate, and where proceedings are pending in the court of common pleas on appeal, such proceedings will not be enjoined at the suit of those interested in the will first probated.

"The proponents of the later will by filing that will for probate, and by perfecting an appeal in the court of common pleas from an order of the probate court refusing to probate such later will, are pursuing a remedy authorized by law.

"The order of probate of the first will is not conclusive as against proper proceedings pending to establish and probate such later will."

We call attention to this authority mainly for the reason that it is an Ohio authority, and the proceeding, at least intimated by the syllabus, was not pursued by the petitioner, but he relied wholly upon his right under the law to establish a trust in the premises, which, in its final analysis, if the proceedings were pursued, would declare the probated will a nullity and prepare the way for the proving of the unprobated will in the only courts authorized by the statute, as herein noted.

This only has a bearing upon the case with respect to the question whether, under the facts as they are in this case, a forged will, because it is probated, of legal necessity has precedence in operative force over an unprobated will which is genuine.

From all the authorities it is clear and conclusive that title to property does not pass in Ohio under an unprobated will, and, in fact, no interest whatsoever passes, either legal or equitable, in any such instrument. In other words, under the statute, even the last will and testament of a decedent has no force or virtue in law until it is probated, and, consequently, until then has no legal standing as a basis for a suit in any court, or as a basis for any claim to the property, or an interest therein, on the part of the devisee of such an instrument. It is a mere scrap of paper, inert and lifeless, until it is clothed with the garment of the law. It is a mere carcass until infused with the blood of probate.

If the statute of limitations has run, it would bar an heir to the property, unless sanctioned by probate, but where, as in the instant case, the devisee is a nephew as against sons and daughters, heirs at law, the nephew is a mere stranger and an inter-

loper, even in proceedings to contest within the statutory period, because if the probated will should fall the law would take its course and the heirs at law inherit the property, and thus the nephew, as in the case of a stranger to the blood, would not and could not benefit by the invalid last will and testament.

There can be no suit in law or equity if the plaintiff has no capacity to sue. That is determined by whether, in any manner, he has an interest in the subject-matter of the action, and in the case at bar this interest must amount either to an equitable or a legal ownership in some portion of the property, and, in the instant case, in practical effect, the equitable ownership is legal ownership, and it therefore appears to us that a very simple proposition of law is involved herein, and that is: Has the plaintiff in error any interest in the subject-matter of the action, either legal or equitable, or both? If he has not, he has no capacity to sue, and whether the probated will is the last will and testament of the deceased, or otherwise, the judgment of the court therein could in no wise affect the plaintiff in any beneficial manner directly or indirectly, because he is not an heir at law, and the fact that he is made legatee in an unprobated will gives him no more legal prestige or force in a court of law than the instrument of writing itself which he undertakes ultimately to substitute for the will sanctioned by authority of the probate court, under which possession and profits have followed.

In order to declare a trust by the appointment of a trustee, the party claiming the right to the trusteeship must have legal or equitable rights *in*

*præsenti* in the property, and there is no authority, at least until such proceedings are had, which establishes such an ownership for the declaration of trust in favor of a party, not an heir at law, who has no basis for any claim in the property except an unprobated will which has no legal force or effect under any circumstances, but which when standing up against a will already probated and under legal operation cannot possibly constitute any claim whatsoever for the declaration of a trust.

In *Seeds* v. *Seeds*, 116 Ohio St., 144, 156 N. E., 193, the Supreme Court held that an heir at law might maintain an action in equity to have a devisee under a forged will, fraudulently admitted to probate, declared a trustee *ex maleficio,* even after the statutory time for contesting the will had expired, but in that case the person seeking to have the trust declared was the heir at law of the testator and was therefore an interested person in the will itself, who would be benefited upon the setting aside of the fraudulent will.

That case cannot, in our judgment, be a basis for authority to declare a trust in the instant case, because the plaintiff in error has no interest in the property now, and could have no interest in the distribution of the property if the will assaulted were declared null and void, because he is not an heir at law, and the unprobated will which he claims under, as a legal document with force and effect in law, is a piece of worthless paper in the face of the will duly probated by the probate court.

Even in the contest of a will within the statutory period it must be "by a person interested." In *Bloor* v. *Platt*, 78 Ohio St., 46, 84 N. E., 604, 14 Ann.

Cas., 332; and *Chilcote, Gdn.,* v. *Hoffman,* 97 Ohio St., 98, 119 N. E., 364, L. R. A., 1918D, 575, and many other authorities, it is held that a "person interested" is one who has a direct, immediate, and legally ascertained pecuniary interest in the devolution of the testator's estate, such as would be impaired or defeated by the probate of the will or benefited by the declaration that it is invalid. The pecuniary interest must be direct and not of a sentimental nature, and it must have the characteristics of a property right and not of a mere personal privilege. This devolution of property does not result from any positive act or agreement between the parties. It is a result without the intervention of any voluntary actor, and such a definition does not in any manner apply to the plaintiff in error, who, upon no legal foundation, can be declared an interested person.

The right to maintain the action in the instant case depends for its prerequisite upon some interest, either legal or equitable, in the property, before the capacity to sue exists. In the present case the legal title is in Morton, and there is no allegation in the amended petition that the plaintiff in error has any rights whatsoever in the property that may be considered substantive in law as constituting such requisites as are necessary to pray for the declaration of a trust.

Under Section 10541 of the General Code it is said:

"Unless it has been duly admitted to probate or record, as provided in this chapter, no will shall be effectual to pass real or personal estate."

Thus the unprobated will is no basis for property

rights in the plaintiff in error, and, without them, it is our judgment, under all the authorities, especially inasmuch as he is not an heir at law, that he cannot maintain the action for the declaration of a trust, because he is incapacitated in law to sue. In other words, he is not clothed with those legal qualities which entitle him to put his hand on the doorknob and open the door of a court of equity and enter for the determination and adjudication of his complaint.

In *Lessee of Swazey's Heirs* v. *Blackman,* 8 Ohio, 5, last wills and testaments must be established by probate in a court of common pleas, and until they are so established they cannot even be received as evidence of any title set up under them.

In *Brown* v. *Burdick,* 25 Ohio St., 260, it is laid down that if wills are not probated and recorded as specifically provided by statute they are wholly inoperative in Ohio for any purpose whatsoever.

Thus it is our unanimous judgment that for the purpose of the declaration of a trust as prayed for in the amended petition, the unprobated will is absolutely inoperative, and, when the party plaintiff leans upon it as a basis for his cause of action, it is as a broken reed, without any legal strength to furnish any support whatsoever to litigation in Ohio courts.

There has been a considerable discussion by counsel as to the language of the court in *Seeds* v. *Seeds, supra,* and opposing counsel take opposite views, especially by reference to the case of *Gaines* v. *Chew* (1844), 43 U. S. (2 How.), 619, 11 L. Ed., 402, but we think the decision of the Supreme Court in *Kieley* v. *McGlynn,* known as the *Case of Broderick's Will,* 88 U. S. (21 Wall.), 503, 22 L. Ed., 599, settles the

differences of opinion by a reference to the case of *Gaines* v. *Chew, supra,* wherein the court said:

"The court, however, sustained the bill as a bill of discovery to assist the complainants in their proofs before the court of probate, and intimate, on the authority of *Barnesley* v. *Powel,* that if the probate court should refuse to take jurisdiction from a defect of power to bring the parties before it, lapse of time, or any other ground, and there should be no remedy in the higher courts of the state, it might become the duty of the circuit court, having the parties before it, to require them to go to the court of probate, and consent to the proof of the will of 1813 and the revocation of the will of 1811; and the judge also went so far as to intimate further that should this procedure fail it might be a matter of grave consideration whether the inherent powers of a court of chancery might not afford a remedy, where the right was clear, by establishing the will of 1813. Of course, the latter expressions were *obiter dicta,* and can hardly be said to have the support of any well-considered cases. But the matter decided by the court, and the burden of the opinion, is in strict accord with the settled conclusion of English courts."

Thus it will be seen that as far as the court went with safety was with respect to a bill of discovery preceding ultimate proceedings in the court of probate, and it is significant that the court therein emphasized the fact that the quotation by learned and able counsel for plainiff in error is *obiter dicta.* There was no holding in *Gaines* v. *Chew, supra,* that

a devisee, under an unprobated will, could success-
fully maintain an action like the one at bar.

Again, in *Morningstar* v. *Selby,* 15 Ohio, 345, 45
Am. Dec., 579, we find the same authority stating
that the language in *Gaines* v. *Chew* was *obiter dicta,*
and hence no legal authority for sustaining an action
for a trust, like the one sought in the case at bar, as
may be seen by reading the following language, at
page 365:

"All the other cases cited are commented upon,
in the case of *Gaines et ux.* v. *Chew et al.,* 2 Howard,
647 [11 L. Ed. 402]. Those authorities, carefully ex-
amined, will show that a court of chancery has no
inherent power, either in England or America, to
establish a lost will. It is true that the United
States Supreme Court did not, professedly, decide
the point. They, however, did decide that a will
must be proved before a title could be set up under
it, and that, by the general law, a court of probate
must take the proof (p. 646), and a discovery was
ordered in that case, as it would seem, for no other
purpose than to aid the appropriate probate tribunal
in establishing the lost will."

It is plain from the authorities referred to that
the court found itself in a *cul de sac,* and in its at-
tempt to flee from the situation scaled the wall on the
ladder of a bill of discovery, which, ultimately, irre-
sistibly led to the probate court.

The authorities to the effect that a court of equity
has no jurisdiction to admit a will to probate or to
give validity to an unprobated will are so numerous
that it is useless to refer to them, but the question
is settled in *Joseph Hunter's Will,* 6 Ohio, 499, in
*Lessee of Swazey's Heirs* v. *Blackman,* 8 Ohio, 5,

and in *Morningstar* v. *Selby, supra,* in which latter case the court held in the first syllabus that a court of chancery cannot entertain jurisdiction to set up and establish a lost or destroyed last will and testament, and that the jurisdiction is with the courts of common pleas or probate courts. We quote from the opinion of the court, at page 364, as follows:

"The act relating to wills still keeps up and sustains the same separation of jurisdiction. The probate is of the original jurisdiction of that court, and so recognized by the act in which the proof is prescribed, the mode of proceeding, and the effect of the record. And in Swan's Stat., 996, Sec. 33, it is declared, that 'no will shall be effectual to pass real or personal estate, unless it shall have been duly admitted to probate,' etc., as provided by the act. The act makes no mention of any method of establishing a will by a chancery proceeding. The probate is treated as a judicial act at law, binding upon all parties, and final and conclusive upon all parties. There is no appeal from the decision, no writ of error or bill of review; no way of vacating it, except the peculiar one provided by our statute. [*Hall's Lessee* v. *Ashby*] 9 Ohio, 96 [34 Am. Dec., 424]; [*Bailey* v. *Bailey*] 8 Ohio, 239.

"To test the propriety of encroaching, in any manner, upon a jurisdiction so peculiar, and which, from its nature, ought to be exclusive, let us anticipate some of the difficulties that might flow from entertaining this bill.

"1. A decree in chancery is not the probate of a will. Hence, a decree establishing a will cannot operate to give it vitality, and is utterly powerless; or else Section 33 of the statute relating to wills

must be taken and held, pro tanto, repealed by the decree. The decree and the statute would speak different language on the same subject. One would say, the will of Morningstar is effectual to pass real and personal property, without admission to probate, as the act provides; the other, that it is of no effect. The conflict is irreconcilable and the weaker in the contest must give way.

"Again, what would be the effect, if, after rendering a decree either for or against the validity of the supposed lost will, a real and different will should be produced? Is the litigation a bar to its probate? Does it oust the court of common pleas of jurisdiction? Might not the will then be called for, be produced, be proved and admitted of record, and would it not be effectual to vest titles according to the devises and bequests of the testator? We think it would, because the chancery proceeding would be regarded wholly coram non judice and void, and because the statute would enforce its production, and is express as to the effect of the probate."

Holding these views, the judgment of the lower court is hereby affirmed.

*Judgment affirmed.*

VICKERY and LEVINE, JJ., concur.

VICKERY, J., concurring. I deemed it wise in this case, because it interested me, to write a concurring opinion to the opinion of the court written by Judge Sullivan, and concurred in by the entire court.

It seems that Morton Petitt, the plaintiff in this action, was a nephew of Milton Morton, who died testate some time in the summer of 1905, leaving

what purported to be a last will and testament, which was duly filed for probate, and William C. Morton was the sole beneficiary under said will, except for an annuity to two of his sisters, I believe, and perhaps his aunt, and he was named as executor in the will. That will was probated and administration was carried on by reason of the probation of that will. No contest of any kind had been filed, and for more than 20 years this condition of things lasted, when Morton Petitt brought his action for the purpose of having a trust declared in his favor upon the Savoy Hotel, a hotel situated on Euclid avenue in the downtown district of Cleveland. The value of the hotel does not appear, but it must be in the neighborhood of a million dollars, or more.

The questions propounded by this lawsuit are so novel and so interesting that I have taken the trouble to investigate and to read the authorities with more than usual care.

In the case of *Kennedy, Exr.*, v. *Walcutt*, 118 Ohio St., 443, 161 N. E., 336, decided March 21, 1928, from an opinion written by Judge Day, it would seem that one who was named in an unprobated will has such interest in the estate that he may contest the will.

If Morton Petitt had known of this will when this other will was probated, under the authority of the *Kennedy case, supra,* he would undoubtedly have had the right to file a contest against the will that was finally probated. It is claimed by the ingenious counsel for the plaintiff below that because Petitt could have contested the will, it therefore followed, as a matter of law, under the case of *Seeds* v. *Seeds*, 116 Ohio St., 144, 156 N. E., 193, 52 A. L. R., 761, that he might have a trust declared where a will was sub-

sequently found to be forged, and, taking the *Seed's case* as the basis, in which case a trust had been declared by a court of equity, then it is argued that one who was named in a will that never was probated might, because of his being entitled to contest the will, maintain a suit to have a trust declared in his favor; but does that follow? The petition in this case sets up the making of this will, in which Petitt was named as a devisee to the Savoy Hotel, and there are no allegations that it ever was probated. If there is anything in the petition on this subject it is to the contrary. Subsequently, a will was made by Milton Morton, which was drawn by William Morton, his son, and legatee, I believe in the handwriting of William Morton, and that will was signed by a mark and witnessed by three witnesses, I believe, and it was asserted in the petition that that will was a forgery, that Milton Morton did not sign the will at all, but that it was signed for him by William Morton, and that he was the sole beneficiary under this will, except for the annuities to his sisters, and that that forgery was not discovered until within the last four years, and it is argued that inasmuch as the Petitt will could not be probated, and the other will cannot be contested because the suit to contest a will must be brought within one year from the time of its probation, the only remedy that Morton Petitt would have would be to sue in a court of equity to have a trust declared, although it is asked, in the amended petition that was filed, that the probation of the will by the probate court be vacated and the probation set aside.

It is argued, however, by counsel for the plaintiff, that the court has no power to vacate the probation

of a will, that the only remedy is by contest; and such was the holding, I believe, at least inferentially, in the case of *Seeds* v. *Seeds,* 116 Ohio St., 144, 156 N. E., 52, A. L. R., 761, Chief Justice Marshall rendering the opinion. Whether that be true or not is not for us to determine in the instant case, for no effort was made to probate this second will. It is said by counsel that the second will could not be probated. I do not know if that is true or not, but in the case of *Stafford* v. *Todd,* 17 Ohio App., 114, that question was fairly before the Court of Appeals of the Second Appellate District, and it held that where a will had been probated, and a contest filed in the common pleas court, and a subsequent will was offered for probate and the court refused to probate that will, a right of appeal to the common pleas court existed, even though the contest suit was still pending and the will had not been set aside, for the reason that the judgment in the contest of that will would not validate the other will and the party would have the right to appeal, holding, inferentially at least, that in the case of the probation of a will, and the subsequent discovery of another will, the subsequent will might be probated.

The question arose in this case in the following way: This petition already alluded to set up the making of this will in which Petitt was a devisee of the Savoy Hotel, and the subsequent making of the will that was finally probated, and that the subsequent will was a forgery; that the plaintiff had no redress in law, because the time for filing a protest had passed, and the plaintiff asked to have a trust declared in this property.

To this petition an answer was filed which denied

the right of capacity of the plaintiff to bring the action, and, furthermore, set up the validity of the probated will; that it was duly made and properly signed; and that it was duly probated and an administration had under it.

Now there was no reply filed denying these allegations, but, on the contrary, a demurrer was filed, and on a hearing of the demurrer the court-held that the demurrer was not well taken; in other words, that the answer set up a good defense, and, the truth of that being admitted, there was nothing further to do but enter up judgment. The plaintiff not desiring to plead further, a final judgment was entered, and proceedings in error were prosecuted to this court. That was the condition of the case at the time we heard it.

The right to the remedy that is sought for in this petition is based, it is claimed, on the *Seeds case, supra.* An examination of that case shows how far afield the pleader is in likening that case to the instant case. In that case a will had been made disinheriting those, who, but for the will, would have inherited the estate that was left by the decedent, and it was later discovered that that will was a forgery, made in the interests of the beneficiary of the estate, and that he was in possession and holding that estate. It,was too late to contest this will by the heirs, and therefore they had no remedy unless it was a remedy in equity. Now the will in the *Seeds case* having been forged, it operated as a fraud upon the court and upon the heirs at law, and the holder of the legal title under that will would have had no interest in this property, except for the will, or, if he were one of the heirs at law, only a propor-

tionate share of it, and it would have ousted the other heirs at law. If it had not been for this will which had been made and signed and probated, the heirs at law would have inherited this property, and therefore the will under which the claimant held being forged, the legal title being in him, it was for the benefit of the heirs that he had defrauded; but it must be borne in mind all the time that, but for this will, they were legally seized of this property and entitled to it in law. Now it is well to bear that in mind because, in the instant case, Petitt was not an heir at law, and had Milton Morton died intestate he would not have received anything, and the only reason he gets anything, if he ever does get anything, will be by virtue of his being named in this will. It does not follow that, because an unprobated will gives such an interest in the estate to one named therein that he may contest a will, he necessarily, therefore, is seized of an estate in the property left by the decedent. In this case Morton Petitt's right to this estate can only be predicated upon this will, and even though it were proven that the will under which William Morton, the defendant below, held and holds this property, was a forgery and set aside, it would not follow that the will upon which Morton Petitt sets up his claim is a valid will. If the will were probated it could be contested by William Morton and any other person interested in the estate, and it might have been shown that that will was a forgery, or made under undue influence, or that Milton Morton was not capable of making a will, or any other thing that would invalidate the will, and before Morton Petitt could recover he would have to have his will probated and his rights

fixed and determined, and his title would accrue to him through and by virtue of his will.

Now if, by this sort of a proceeding, a trust may be declared in favor of a beneficiary under a will which never has been probated, a beneficiary who would not be an heir at law if the man died intestate, then it would obviously give the beneficiary under the unprobated will an advantage in this respect, that such a will would confer title upon him without having to run through the process of a contest. In other words, it would cut off those who were entitled to the estate to a right to contest this will. Consequently, there is such a vast difference between the *Seeds case, supra,* and the instant case, that it is difficult to understand the course of reasoning in the briefs.

Now, the defendant answered in this case and the question arose upon a demurrer to the answer. The defendant, in my judgment, need not have answered at all. I do not think that the *petition* sets up any claim that would warrant the court in finding for the plaintiff had there been no answer. Had there been a demurrer filed to the petition, it must necessarily have been sustained and judgment entered against the plaintiff, for the reasons already pointed out, that nowhere does the plaintiff show that he would be entitled to this property but for this will, and it is admitted by him that it was not and could not be probated. It is admitted by him that he cannot now set aside the other will, and, he not being an heir at law, therefore no title had vested in him.

So now we have this proposition: If I understand the rules of pleading, a demurrer searches the record and judgment must be applied to the first faulty

pleading. That, I believe, is a fair statement of the effect of a demurrer filed in a lawsuit. Now the court overruled the demurrer, which showed that the answer was a good defense. I think that the court could have gone further, and could not only have overruled the demurrer to the defendant's answer, but could have sustained the demurrer to the petition. Now you must not say that there was no demurrer filed to the petition, because, as already pointed out, a demurrer filed by either party searches the entire record, and the first faulty pleading must have judgment entered against it, and, in my judgment, the plaintiff did not state a cause of action in his petition, because he could not have recovered in case no answer were filed, because, admitting all the allegations of the petition to be true, there is no allegation of a devolution of title upon him, either legal or equitable, and, before a trust can be declared, the title either legal or equitable must have been in him. While the legal title is in the defendant and the plaintiff's action is to have the defendant hold that in trust for him, the plaintiff must have the equitable right to the estate before he can have such a decree entered.

Consequently, I think the judgment of the court below was right, but it could have taken another form, that the petition did not state a cause of action and the demurrer would be sustained, but sustained to the petition. The judgment will be exactly the same, and therefore the judgment must be affirmed.