**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2356
_____

UNITED STATES OF AMERICA

v.

TAQUAN WRIGHT,
Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-17-cr-00229-001)
District Judge: Hon. Brian R. Martinotti
_____

Submitted under Third Circuit L.A.R. 34.1(a)
January 22, 2020
_____

Before: AMBRO, MATEY, and FUENTES, *Circuit Judges*.

(Opinion filed: January 23, 2020)
_____

OPINION[*]
_____

FUENTES, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Appellant Taquan Wright pled guilty to possession with intent to distribute heroin and possession of a firearm in furtherance of a drug-trafficking offense. The District Court sentenced Wright to 106 months' imprisonment. He now appeals his sentence, arguing that the District Court failed to give adequate consideration to his mitigating evidence and that his sentence was greater than necessary to meet the purposes of sentencing. Because we conclude that the District Court's sentence was procedurally and substantively sound, we will affirm.

**I.**

In March 2017, Wright was pulled over by state law enforcement officers for driving with tinted windows and an obstructed license plate. As one of the officers spoke to Wright, he noticed an odor of marijuana emanating from the vehicle, causing the officers to search the vehicle. The search revealed, *inter alia*, prescription pills, a sum of U.S. currency, and a hidden compartment, which contained cocaine, heroin, and one loaded Smith & Wesson 9mm handgun.

Wright was charged with one count of possession of a firearm by a convicted felon,[1] possession with intent to distribute 28 grams of cocaine base,[2] possession with intent to distribute a detectable amount of heroin,[3] and possession of a firearm in furtherance of a drug-trafficking offense.[4]

---

[1] 18 U.S.C. § 922(g)(1).
[2] 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).
[3] 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).
[4] 18 U.S.C. § 924(c)(1)(A)(i).

Pursuant to a plea agreement, Wright pled guilty to possession with intent to distribute heroin and possession of a firearm in furtherance of a drug-trafficking offense. Based on a total offense level of 21 and a criminal history category of III, he was subject to an advisory U.S. Sentencing Guidelines range of 46 to 57 months on the drug offense. However, because Wright was also subject to a consecutive, mandatory minimum sentence of 60 months under 18 U.S.C. § 924(c), he was subject to a total advisory Guidelines range of 106 to 117 months.

At sentencing, Wright argued for a downward variance. In support, he relied on the purported unfairness of the consecutive, mandatory minimum sentence required for the firearm offense and provided evidence of his difficult upbringing, drug use, familial support and responsibilities, post-offense rehabilitation, and expression of remorse. Based on this evidence, Wright requested a sentence of 72 months, while the Government sought a sentence within the Guidelines range.

After hearing from the parties, the District Court discussed Wright's personal history and characteristics and acknowledged the several letters from family and friends submitted on his behalf. It also discussed the seriousness of the offense, Wright's "significant criminal history," post-offense rehabilitative efforts, and expression of remorse.[5]

---

[5] App. 114–20.

Having considered the parties' submissions, arguments, and Wright's statements during the hearing, the District Court denied Wright's request for a downward variance and sentenced him to 106 months' imprisonment. This appeal followed.

**II.**[6]

Wright argues that the District Court erred by imposing a sentence that was both procedurally and substantively unreasonable. We disagree.

We ordinarily review both the procedural and substantive reasonableness of a sentence for abuse of discretion.[7] However, as Wright concedes, because he did not object to the procedural error at sentencing, it is reviewed for plain error.[8] "The plain error test requires (1) an error; (2) that is 'clear or obvious'[;] and (3) 'affected the defendant's substantial rights . . . .'"[9] "If these conditions are met, we will exercise our discretion to correct the error if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'"[10]

**A. Procedural Reasonableness**

Wright argues that the District Court's sentence is procedurally unreasonable because it failed to "meaningfully consider the mitigating evidence offered in support of a variance."[11] In particular, he asserts that the District Court failed to "meaningfully

---

[6] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742.

[7] *United States v. Handerhan*, 739 F.3d 114, 120 (3d Cir. 2014).

[8] *See United States v. Flores-Mejia*, 759 F.3d 253, 256–59 (3d Cir. 2014) (en banc).

[9] *United States v. Azcona-Polanco*, 865 F.3d 148, 151 (3d Cir. 2017) (quoting *Molina-Martinez v. United States*, --- U.S. ---, 136 S. Ct. 1338, 1343 (2016)).

[10] *Id.* (quoting *Molina-Martinez*, --- U.S. ---, 136 S. Ct. at 1343).

[11] Appellant's Br. 11.

4

consider" the effect of his "upbringing or extensive history of substance abuse" on his commission of the offenses.[12]  This argument fails.

Part of a district court's responsibility in imposing a procedurally sound sentence is to consider the factors under 18 U.S.C. § 3553(a).[13]  While a court must consider the § 3553(a) factors, it "need not make explicit 'findings as to each of the § 3553(a) factors if the record makes clear that the court took the factors into account in sentencing.'"[14]  Further, "if a party raises a colorable argument about the applicability of one of the § 3553(a) factors, the district court may not ignore it.  The court should address that argument as part of its 'meaningful consideration' of the sentencing factors."[15]  Finally, "the district court must furnish an explanation" for its sentence "sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)."[16]

The record demonstrates that the District Court did not commit procedural error.  At the outset, it noted that, although Wright faced a 60-month mandatory minimum sentence under § 924(c), it had the discretion to vary from the Guidelines under the drug count.  It then proceeded to consider Wright's request for a variance and explicitly address arguments in support thereof.

---

[12] Appellant's Br. 23.
[13] *See United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010).
[14] *Id.* (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006)).
[15] *Id.* (quoting *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007)).
[16] *Id.* at 216 (quoting *United States v. Levinson*, 543 F.3d 190, 196 (3d Cir. 2008)).

5

After hearing at length from Wright's counsel, the District Court discussed Wright's personal history and characteristics, including his "troubled childhood," lack of parental guidance, and substance abuse.[17]  In this regard, it recognized that Wright had "minimal guidance and support" growing up, and that his "residence . . . was effectively a drug den for his older aunts and uncles."[18]  However, while the District Court acknowledged Wright's upbringing and substance abuse, it found that this case did not involve "a quick fix by someone that needed quick cash to support a habit"; rather, Wright participated in a "calculated enterprise involving secret compartments in cars and storage units, clearly in a scheme of distribution."[19]  The record thus contradicts Wright's assertion that the District Court failed to consider his upbringing and substance abuse.

Further, with regard to deterrence, the District Court briefly noted Wright's "significant criminal history."[20]  It also observed, however, that Wright had engaged in post-offense rehabilitative efforts and expressed remorse for his conduct.  Indeed, the District Court commended Wright for altering his life and discussed his employment, care for his children, and interest in obtaining a general equivalency diploma and commercial driver's license.

---

[17] App. 115, 119.

[18] App. 115.

[19] App. 115–16.

[20] App. 119.  The PSR shows that Wright was convicted of several criminal offenses as both a juvenile and an adult.  His convictions as an adult include possession with intent to distribute near a school and possession with intent to distribute near public housing, for which he was sentenced in state court to a six-year period of incarceration.

While recognizing Wright's commendable rehabilitative efforts, the District Court also noted the very serious nature of the offense. Wright was caught driving in a vehicle containing a hidden compartment, narcotics, and a loaded firearm, which, because of his prior felony conviction, he was prohibited from possessing. Indeed, the District Court was ready to sentence Wright to the top of the advisory Guidelines range because it "found the conduct and the history so egregious," but it declined to do so after hearing Wright's arguments and statements during the sentencing hearing.[21]

The District Court's statements indicate that it explicitly and thoroughly considered the mitigating evidence, including Wright's difficult upbringing and substance abuse, but found the evidence "insufficient to warrant a sentence lower than the Guidelines range."[22] Accordingly, we conclude that Wright's sentence was procedurally reasonable and find no error, much less plain error.

## B. Substantive Reasonableness

Wright also argues that his sentence was substantively unreasonable because the District Court failed to properly consider the § 3553(a) factors and was therefore greater than necessary to meet the purposes of sentencing. This argument also fails.

To determine whether a sentence is substantively reasonable, we must consider "whether the record as a whole reflects rational and meaningful consideration of the

---

[21] App. 120. The District Court also recognized the "harsh" penalty under § 924(c) and Wright's reliance on *Dean v. United States*, --- U.S. ---, 137 S. Ct. 1170 (2017), but its statements during the hearing suggest that it found the loaded firearm near the drugs sufficient to justify a Guidelines sentence. App. 116–18.
[22] *Rita v. United States*, 551 U.S. 338, 358 (2007).

factors enumerated in 18 U.S.C. § 3553(a)."[23]  "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[24]  Where a sentence is procedurally sound, "reviewing courts are entitled to presume that a sentence within the advisory Guidelines is reasonable."[25]  Finally, "the party challenging the sentence bears the burden of proving the sentence's unreasonableness."[26]

Here, the District Court's sentence was substantively reasonable.  First, Wright received a sentence at the bottom of the advisory Guidelines range.  Second, as discussed above, the District Court properly considered the § 3553(a) factors and mitigating evidence that Wright submitted.  It carefully weighed Wright's upbringing, substance abuse, criminal history, family circumstances, post-offense rehabilitative efforts, and remorse.  It also explained the seriousness of the offense, including that it was "troubl[ed]" by the hidden compartment, narcotics, and loaded firearm in the vehicle.[27]  Upon considering these circumstances, the District Court concluded that the mitigating evidence did not warrant a variance on the drug count and that a 106-month sentence was

---

[23] *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc).
[24] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).
[25] *See Handerhan*, 739 F.3d at 124.
[26] *United States v. Friedman*, 658 F.3d 342, 360 (3d Cir. 2011).
[27] App. 114.

appropriate to meet the purposes of sentencing. Its denial of Wright's motion for a downward variance does not render the sentence substantively unreasonable.[28]

We therefore conclude that Wright has not met his burden of showing that no reasonable sentencing court would have imposed the same sentence. Under our deferential standard of review, Wright's challenge to the substantive reasonableness of his sentence fails.

## III.

For the reasons stated above, we will affirm.

---

[28] *See United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007) ("Nor do we find that a district court's failure to give mitigating factors the weight a defendant contends they deserve renders the sentence unreasonable.").