*J. T. Dye* and *A. C. Harris*, for appellee.

---

### FALLEY and Another *v.* GILES.

CONSTRUCTION OF CONTRACTS.—The rule that the words of an instrument are to be taken most strongly against the grantor, is only applicable where the words will equally admit of either of two or more interpretations. The rule is only to be resorted to when all other rules of exposition fail.

LEASE.—PRIVILEGE OF ANOTHER TERM.—Where a lease for two years provided that the lessee might hold the premises for the additional term of one, two or three years, at his election, upon the same terms, it was held, 1. That there could be but one election, which might be for a further term of one year, or two, or three years, but if the election was for one of the shorter periods, the privilege could not again be exercised so as to embrace another year. 2. That a mere continuance in possession, if a sufficient notice of an election to renew the lease for one year, was not sufficient notice of an election to renew for a longer term. 3. That the offer to renew could not be withdrawn by the lessor, but notice by the lessee of his election was necessary to make a binding contract for the new term.

APPEAL from the *Tippecanoe* Common Pleas.

FRAZER, C. J.—A lease was made for the term of two years, with the further privilege to the lessee to hold the premises upon the same terms "for the additional term of one, two, or three years," at the election of the lessee.

The questions before us are, 1. Could the lessee elect more than once; *i. e.*, having, at the end of the original

term, elected to hold for one year longer, could he afterwards elect to hold still longer? 2. Was it necessary for the lessee, in order to prolong his term more than one year beyond the original period, to give notice to the lessor of his election to do so otherwise than by remaining in possession?

1. There is nothing in the language of the lease itself which expressly gives the lessee the privilege of electing more than once. If such is the effect of the lease, it must be so by construction. It is a rule of construction that the words of an instrument are to be taken most strongly against the grantor. But this rule is one of denier resort, applicable only where the language of the instrument will equally admit of either of two or more interpretations; in such a case, that effect will be given which is most unfavorable to the grantor. *Adams et al.* v. *Warner et al.*, 23 Vt. 395. The rule is to be resorted to only when all other rules of exposition fail. 2 Bl. Com. 380. We do not regard the case before us as a proper one to be solved by the rule of construction alluded to. The language of the lease is not strictly equivocal, but, on the contrary, furnishes a means of ascertaining the exact intention of the parties. "For the additional term of one, two, or three years after the expiration of said term of two years, at the election of said party of the second part." This excludes the idea of two or three additional terms. But one additional term is provided for, which may have a duration of one, or two, or three years, as the lessee may elect; not three, or less, additional terms of one year each, as the lessee may from year to year elect. It is evident that the latter construction, the privilege of three terms and three elections by the lessee, cannot be adopted without violence to the language of the lease, while one term, and consequently one election, is in perfect harmony with it. The language, then, it seems to us, defines the extent of the grant, and negative words, to exclude anything more, would have been unnecessary and superfluous. We regret to be compelled to determine these

questions, of some nicety, without the aid of any argument for the appellee. We learn, however, from the other side, that the court below was pressed with, and seemed to be governed by, *Goodright* v. *Richardson*, 3 Term R. 462, and *Doe* v. *Dixon*. 9 East 15. We have looked into those cases, and do not deem them in point. In both of them the language was strictly equivocal, affording, as to the matter in dispute, nothing indicating the intention of the parties; either of the interpretations contended for was equally supported by the terms of the lease. They were therefore proper cases for the application of the rule that an instrument shall be construed most strongly against the grantor.

2. The second point must, we think, be determined in the affirmative. Whether or not, in order to prolong the term for a single year, notice of his election to do so should have been given by the lessee, otherwise than by continuing in possession of the premises, is a question not necessary to be decided at present. That notice of election was necessary, we do not doubt, but it may be that continuing to hold was such notice of election for one year. If notice at all, it could only amount to that. There was nothing in it, in the nature of things, tending to justify the landlord in supposing that the tenant intended to hold longer than one additional year. Under the lease, when the tenant had made his election for one, or two, or three years, a contract obligatory upon both parties would be created. Could this be done without notice? Had not the lessor a right to know to what extent he was bound, and what his rights were? Might the option of the lessee be exercised merely by a mental operation of his own, and the fact be locked up in his own exclusive knowledge, incapable of proof except by his own testimony? It cannot be. To bind himself, the tenant must do something which will be sufficient proof in a court of justice of the nature and extent of the contract by which he is bound, and a secret purpose of his own mind, not made known, cannot be sufficient for that purpose.

We think that the clause of the lease providing for an additional term of one, two, or three years, at the option of the lessee, may be correctly regarded as an offer by the lessor to the lessee of such additional term, (not like an ordinary proposition, liable to be withdrawn, for the reason that it was based upon a valid consideration, and in its nature could not be withdrawn,) which, upon acceptance within proper time by the lessee, would become a new contract of leasing, binding upon both parties. We believe that it has never been held that a mere decision to accept a proposition, without communicating notice of such decision, constitutes a contract. The reason is, that justice and convenience require that both parties should know that a contract has been made, and what its terms are. A contract made by a party, of the nature and terms of which he can have no knowledge until it is in part executed, and which is yet obligatory upon him, must, we think, be regarded as a novelty, the like of which is not described in the books.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the second and third paragraphs of the complaint.

*R. P. Davidson* and *W. Wallace*, for appellants.

*F. B. Everett*, for appellee.