### McCABE v. EVERS.

*(City Court of New York, General Term. April 30, 1890.)*

LANDLORD AND TENANT—HOLDING OVER—PROVINCE OF JURY.

Where, on the expiration of a lease, there was a stove and some rubbish left on the premises, and the key was not tendered to the landlord until the following day, it is a question for the jury whether there was a tortious holding over sufficient to imply a new tenancy.

Appeal from trial term.

Action for rent by Frank H. McCabe against Henry F. Evers. The evidence shows that the defendant removed from the demised premises just prior to May 1, 1889. On that day there was a stove and some rubbish in the store formerly occupied by him. The key was tendered to the landlord on May 2d. The action was for rent after May 1, 1889, on the theory that these circumstances authorized the landlord to treat the holding over by the tenant as wrongful, and as an implied contract of rehiring, on the terms of the former demise. The trial judge so held, and directed a verdict in favor of the

plaintiff, notwithstanding the fact that the defendant asked to go to the jury on the questions (1) whether the defendant was in possession of the property on May 1st; (2) whether there was a tortious holding over sufficient to imply a new tenancy. Defendant appeals.

Argued before McADAM, C. J., and EHRLICH and GIEGERICH, JJ.

*E. R. De Grove*, for appellant. *S. Greenbaum*, for respondent.

PER CURIAM. To enable the landlord to hold the tenant for a renewed term, (after the expiration of his lease,) the holding over must be wrongful and tortious. *Schuyler* v. *Smith*, 51 N. Y. 314; *Pickett* v. *Bartlett*, 107 N. Y. 282, 14 N. E. Rep. 301; *Smith* v. *Allt*, 7 Daly, 492. Judge DAVIS, in *Gibbons* v. *Dayton*, 4 Hun, 451, states what does not constitute the wrongful holding over contemplated. He says: "The litter and filth and worthless fragments and articles, which tenants are often accustomed to leave behind them, have never been held to constitute a continuance of the tenancy. The landlord's remedy, if any, for such an injury, is quite different from treating the tenancy as renewed, by the omission to carry everything away, whether valuable or not." This excerpt may be applied to the stove left on the premises by the tenant. Next, as to the key. The key is sometimes looked upon as the symbol through which possession is delivered and returned, but sometimes keys are lost or misplaced, and cannot be returned. The English court of common pleas held in *Gray* v. *Bompas*, 11 C. B. (N. S.) 520, that, in order to have the effect of creating a new tenancy by holding over, there must be an actual holding over, and that the implication does not arise from a constructive holding over, as by the accidental detention of the key of the premises beyond the term. The next question that suggests itself is where the line is to be drawn. This, at times, is a nice question, and no immutable rule can be laid down concerning it. Where, however, minds may differ concerning the fact whether there is a tortious holding over or not, the question is one for the jury. Indeed, in *Gray* v. *Bompas, supra*, the court held that "the intention with which a tenant holds over is always a question for the jury." This is probably true in cases where the facts are capable of two interpretations, but not where the facts are clear and the conclusion irresistible. In the present case, the facts in regard to the holding over are not of this conclusive character, and different interpretations might be placed upon the acts of the defendant. Whether the stove was left and key retained until May 2d willfully or accidentally, or through excusable or unavoidable circumstances, has much to do with the question of intent, of good faith, and of bad faith, and these are all considerations for the jury. The case ought to have gone to the jury to determine whether there was in fact a wrongful holding over by the defendant or not. For this error the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.