TRUSTEES OF LEAKE AND WATTS ORPHAN HOUSE IN CITY OF NEW YORK v. HOYLE et al., Bronx Valley Sewer Commission.

(Supreme Court, Special Term, Westchester County. February 15, 1913.)

1. LANDLORD AND TENANT (§ 90*)—VACATION—HOLDING OVER.

Where a lessee, on removing from the leased premises, left only some lumber, broken tools, broken wheelbarrows, etc., scattered about, and some spiles close to the edge of a river, the leaving of such material did not constitute a holding over beyond the term.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 284–289; Dec. Dig. § 90.*]

2. LANDLORD AND TENANT (§ 90*)—LEASE—RENEWAL.

Where a lessee had an option to extend or renew the lease for from three to nine months from July 1, 1911, as it might elect, the lessee, by holding over without stating which period it elected to renew for, would be deemed to have elected the shortest period under the privilege.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 284–289; Dec. Dig. § 90.*]

3. LANDLORD AND TENANT (§ 90*)—LEASE—RENEWAL—HOLDING OVER—EXTENSION.

A lease providing for renewal for from three to nine months from July 1, 1911, at the lessee's election, also declared that, if it were renewed for a term less than six months, the rent should be paid monthly during the renewed period, and not quarterly. *Held*, that the lessee, by paying the rent quarterly, extended the term of its renewal of the lease to six months, or January 1, 1911, and by holding over after that date again extended the lease for another six months, to July 1st following.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 284–289; Dec. Dig. § 90.*]

4. CONTRACTS (§ 127*)—LEGALITY—EXCLUSION OF EVIDENCE.

A provision in a lease that it should not be admissible in evidence in any legal proceeding or action then pending between the parties or thereafter to be commenced for any purpose whatever was invalid, as the court could not be ousted of the right to consider competent evidence by a contract between the parties.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 608–615; Dec. Dig. § 127.*]

Action by the Trustees of the Leake and Watts Orphan House in the City of New York, a corporation, against Frank J. Hoyle and others, as the Bronx Valley Sewer Commission, appointed pursuant to Act June 16, 1911 (Laws 1911, c. 361). Judgment for plaintiff.

R. E. & A. J. Prime, of Yonkers, for plaintiff.

Edgar C. Beecroft, of New York City, for defendants.

TOMPKINS, J. The defendants constitute the Bronx Valley Sewer Commission. About January 1, 1910, the Bronx Valley Sewer Commission leased two parcels of land in the city of Yonkers, N. Y., from the plaintiff—the first parcel for the term of one year from that date, at a yearly rental of $960, payable quarterly; the second parcel for the term of 6 months, at a monthly rental of $110, payable quarterly. As to the first parcel, there was a privilege for renewal of the lease

---

for a period not less than 2 months and not more than 12 months, upon the Commission giving 20 days' notice of desire to renew, and stating the period for which the lease was to be renewed. There was a similar privilege of renewal of the lease on the second parcel, except that the renewal period was for from 3 to 9 months.

[1] The Commission remained in possession of both parcels until the middle of April, 1911, at which time it removed its entire plant, leaving only some lumber, broken tools, broken wheelbarrows, etc., scattered about, and some spiles close to the edge of the Hudson river. The leaving of these odds and ends on the land did not constitute a hold-over by the Commission beyond the term of the tenancy created by the presence of the commissioners' plant on the land, which was until the middle of April, 1911. Gibbons v. Dayton, 4 Hun, 451; McCabe v. Evers (City Ct. N. Y.) 9 N. Y. Supp. 541; Rorbach v. Crossett, 19 N. Y. Supp. 450;[1] Manly v. Clemmens (City Ct. N. Y.) 14 N. Y. Supp. 366.

[2] As the Commission had an option to extend or renew the lease on the second parcel a term of from 3 to 9 months, from July 1, 1911, as it might elect, by holding over, without stating which period it elected to renew the lease for, it will be deemed to have held over for the shortest period under that privilege, namely, 3 months. Falley v. Giles, 29 Ind. 114; Lanham v. McWilliams, 6 Ga. App. 85, 64 S. E. 294.

[3] But the lease required that, if it were renewed for a term less than 6 months, the rent should be paid monthly during the renewed period, and not quarterly. So the Commission, by paying this rent quarterly, extended the term of its renewal of the lease to 6 months, to January 1, 1911, and by holding over after January 1, 1911, again extended the lease for another 6 months, to July 1, 1911. So the Commission, by holding over on the first parcel after January 1, 1911, and paying the rent quarterly, and not monthly, similarly extended the lease on that parcel 6 months, to July 1, 1911.

[4] To establish the plaintiff's case, the lease was offered in evidence, and was objected to on the ground that by its terms it was expressly made inadmissible. The lease contained the following provision:

"And it is further covenanted and agreed between the parties that neither this instrument, nor the leasing of said rights hereby, nor any of the negotiations or agreements leading up to or concerning the same, nor the rental of said premises, nor the amount of such rental shall be used in evidence in any legal proceeding or action now pending between the parties hereto, or hereafter to be commenced between the parties, for any purpose whatever."

Decision upon this objection and the inadmissibility of the lease was reserved. I think the lease should be received in evidence, and I have therefore overruled the defendant's objection. The court cannot permit itself to be ousted of the right to consider competent evidence by a provision in a contract that it shall not be put in evidence in any action between the parties relating to the subject-matter of the contract.

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 64 Hun, 637.

The plaintiff is entitled to judgment for $570, with interest from July 1, 1911, with the costs of this action. Requests to find may be submitted within five days.