[No. 16228.  Department Two.  March 2, 1921.]

DANIEL SALZER, *Appellant*, v. JOHN MANFREDI, *Respondent*.[1]

LANDLORD AND TENANT (31)—LEASE—OPTION FOR RENEWAL—NO-TICE—CONTINUING POSSESSION. Where a lease gave the right to a renewal or an extension without providing for the giving of any notice to the lessor, the lessee is entitled to the benefit of an extension or renewal by continuing in possession at the end of the original term, without giving formal notice of intention to exercise the option, provided such possession is indicative of an exercise of the option and nothing is done to forfeit his rights.

SAME (31). Where a lease gave a single option for renewal for from one to five years, as the lessee might elect, and he exercised the option merely by holding over without electing as to the term, the law will presume that he elected a renewal for the shortest term specified, or one year.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered July 27, 1920, upon findings in favor of the defendant, in an action of unlawful detainer, tried to the court. Reversed.

*A. E. Rice* and *W. H. Cameron*, for appellant.

*C. D. Cunningham*, for respondent.

TOLMAN, J.—On April 27, 1918, appellant as lessor entered into a written lease with respondent as lessee by which he demised a certain store building in the city of Centralia, for the term of one year, at a monthly rental of fifteen dollars. The lease contained the following provisions:

"It is understood and agreed by the parties to this lease that the lessee is granted the right and privilege at the end of the term of this lease to rent and lease the same premises for five years more, or as many years as he may desire to lease not to exceed five years

[1]Reported in 195 Pac. 1046.

in all; provided, however, that the lessor herein desires to rent the said premises."

Respondent held possession through the year, and thereafter continued in possession, paying the rental stipulated in the lease until November, 1919, during which month he was informed by appellant that, if he desired to continue in possession, he must pay a rental of twenty-five dollars per month; but notwithstanding such oral notice, appellant continued to accept fifteen dollars monthly as rent for the premises for several months thereafter. In February, 1919, appellant refused to accept the fifteen dollars monthly payment and brought an action in unlawful detainer to recover possession of the premises, which action he thereafter voluntarily dismissed.

On March 26, 1919, appellant caused to be served upon respondent a written notice to the effect that the tenancy was thereby terminated, and requiring the respondent to vacate on or before the first day of May, 1920. That notice being uncomplied with, appellant on May 13, 1920, brought this action in unlawful detainer to recover possession of the premises. From a judgment denying him relief, he appeals.

Three questions are here presented: (1) Is the option for a new lease enforcible by either party against the other without his consent thereto? (2) If so, did it require affirmative action on the part of the lessee, other than continued possession and the payment of rents at and after the termination of the first year, before the renewal would take effect? (3) If a renewal was effected by holding over and the payment of rent, would such renewal be for more than one year?

In view of the facts disclosed and the conclusions we have reached, the first question is now a moot question only, and need not be here considered; though, under the familiar rule that doubtful provisions must

be construed in favor of the lessee, we would no doubt be inclined to an affirmative answer, if an answer were necessary. The second question is answered in the negative by our holding in *Henry v. Bruhn & Henry, Inc.*, 110 Wash. 321, 188 Pac. 506, and need not be further discussed. Our disposition of the case therefore depends upon the answer to the third question.

The original lease expired by its terms on May 1, 1919. The notice to quit, upon which this action is based, called for a surrender of the premises on May 1, 1920, or just one year thereafter. The option in the lease gives the tenant the right to renew the lease for one, two, three, four or five years, as he might elect, but it must be, noted that it is but a single option to be exercised at the end of the term as originally granted. Nothing having been said or done by the tenant to indicate his intention in holding over save to remain in possession and pay rent, it is for the law to say whether he thereby elected to take the longest or the shortest term which the option accords him.

But on this question of which option will be deemed to be exercised, the authorities are very meager. So far as they have come to our attention, however, they all hold one way, i. e., that the tenant will be held to have elected to take the shortest term. In none of the cases is the question reasoned to any extent nor the principles upon which it rests, if any, clearly set forth, and perhaps, if there was authority for the contrary view, we might incline to it, but in the absence of such authority, we deem it the better course to follow the adjudicated cases, which are: *Lanham v. McWilliams*, 6 Ga. App. 85, 64 S. E. 294; *Falley v. Giles*, 29 Ind. 114; *Trustees, etc. v. Hoyle*, 79 Misc. Rep. 301, 139 N. Y. Supp. 1098.

It must be borne in mind that the provisions of the lease in question give but one option to renew, though

for different terms, and such an option may be exercised but once (*Falley v. Giles, supra*) ; and since the option was exercised only by holding over after the original term had expired, and the law assumes under such circumstances that the option was exercised for the least term, therefore, the renewal term has been fully enjoyed by the respondent and it expired with the maturity of the notice to vacate. Therefore appellant was, on May 1, 1920, and thereafter, entitled to possession.

The judgment appealed from is reversed and the cause remanded for further proceedings in harmony with these views.

PARKER, C. J., MOUNT, MITCHELL, and MAIN, JJ., concur.