[No. 21163.   Department Two.   October 11, 1928.]

CISSNA LOAN COMPANY, *Respondent*, v. HARRY HART BARON, *Appellant*.[1]

*Sather & Livesey* and *George Downer*, for appellant.
*Hadley, Abbott & Madison*, for respondent.

BEALS, J.—Cissna Loan Company, a corporation, plaintiff in this action, had, for many years prior to 1923, owned and operated "The Fair Department Store," in the city of Bellingham, the corporation owning both the land and the building in which the business was conducted, as well as being proprietor of the department store itself.   On May 24, 1923, plaintiff

[1]Reported in 270 Pac. 1022.

sold its stock of goods as a going concern to defendant, who paid a considerable portion of the purchase price in cash, giving a chattel mortgage on the stock to secure the balance, which chattel mortgage has been fully satisfied and does not enter into the subject-matter of this litigation.

As part of the transaction, plaintiff leased the building in which the department store was conducted to defendant for a ten-year term. Among other provisions, the lease provided that defendant should

" . . . maintain and conduct a department store in said building of the same general character as has been theretofore conducted therein by first party [plaintiff] and carry and maintain a stock of goods, wares and merchandise of the same general character as has been theretofore maintained by first party."

The provision of the lease covering the matter of the rental to be paid to plaintiff reads as follows:

"On the 5th day of July, 1923, second party shall pay to first party as rental for the above described premises the amount of 2½ per cent of the gross sales of the said department store business conducted and maintained by second party in said building up to July 1, 1923, and on the 5th day of each and every month thereafter, during the period of this lease, second party shall pay to first party as rental for the above described premises the amount of 2½ per cent of the gross sales of said department store business conducted and maintained by second party in said building during the preceding calendar month. Provided, however, that if the aggregate gross sales, resulting from such business shall exceed the sum of $200,000 in any year of said term, an adjustment shall thereupon be made of said rental for such year and the said rental for such year shall be reduced to and be the sum of two per cent of the said gross sales for said year, and, Provided further, that the rental to be paid by second party for said premises shall not at any time be any less sum than the sum of Twenty-four

Hundred Dollars per annum, and an adjustment of said rent shall be made at the end of each and every year of the term of this lease."

Immediately to the north of the building leased by plaintiff to defendant, is a building owned by one McArthur, the second floor of which building is approximately on a level with the balcony between the first and second floors of plaintiff's building.

We deem the following to be the material facts giving rise to this litigation. Shortly after January 1, 1927, defendant rented the second floor of the McArthur building, caused openings to be cut in the wall between the two buildings so that persons could pass from the balcony of plaintiff's building to the second floor of the McArthur building, and moved the ladies ready-to-wear and the millinery and corset departments of The Fair Department Store business into the McArthur building, and has ever since maintained those departments therein. The entrance to this portion of the department store business has at all times been through plaintiff's building, all street displays of the merchandise for sale in the two departments referred to have been made in the show-windows of plaintiff's building and all newspaper advertising by appellant refers to "The Fair Department Store."

The parties to this action having disagreed over certain matters, plaintiff brought this action against defendant, seeking to recover judgment for rent of his building in an amount equal to two and one-half per cent on the gross sales made by the defendant of goods sold both within plaintiff's own building and the McArthur building. Defendant answered denying any indebtedness to plaintiff other than in an amount equal to two and one-half per cent of the gross sales of goods sold within plaintiff's building only; also alleging certain damages by way of counterclaim. The ac-

tion was tried to a jury which, under a peremptory instruction from the court, found in plaintiff's favor, upon the issue of the rent due, in an amount equal to two and one-half per cent of the gross sales of all goods sold both within plaintiff's building and the McArthur building. The jury found in defendant's favor upon the counterclaims, which findings are not attacked on this appeal. From a judgment entered by the court upon the verdict of the jury, defendant appeals.

Appellant assigns many errors, his principal contention being that the court erred in peremptorily instructing the jury to find in respondent's favor for rent due respondent from appellant in a sum equal to two and one-half per cent of the gross sales of all merchandise sold by appellant, whether from respondent's building or from the departments moved by appellant into the McArthur building.

The monthly rental to accrue to respondent is, according to the lease, to be computed at a percentage of the gross sales of the department store business conducted and maintained by appellant "in said building" during the preceding calendar month. Appellant contends that the lease is to be construed in favor of the lessee and against the lessor (*Gates v. Hutchinson Investment Co.*, 88 Wash. 522, 153 Pac. 322; *Salzer v. Manfredi*, 114 Wash. 666, 195 Pac. 1046); and that, consequently, it must be held that respondent is not entitled to any percentage of the gross sales of merchandise sold in the McArthur building.

It appears that, during the month of April, 1927, the gross sales of merchandise from respondent's building amounted to $4,572.83, and from the McArthur building to $2,928.70; for the month of May the sales from respondent's building amounted to $5,335.25, and from the McArthur building to $2,856.80. It appears,

from these figures, that the two departments moved to the McArthur building were important departments and that the sales therefrom amounted to a considerable portion of the total sales made by the department store. When appellant moved these departments into the McArthur building, appellant somewhat enlarged the space on the balcony theretofore devoted to the business office of the store, a necessary part of the business, but a department which did not engage in the selling of merchandise.

In our opinion the trial court was correct in giving the instruction of which the appellant complains. Respondent turned over to appellant a going business, a department store, including the two important departments now located in the McArthur building. Customers now obtain access to these departments by going through respondent's building, using the stairs or elevator therein, the goods are displayed in respondent's show windows and the entire business is administered and "conducted" within the demised premises.

Appellant is conducting one business only, that of "The Fair Department Store," and is bound to pay as rent for respondent's building the agreed percentage of the gross sales of the "said Department Store business." Appellant contends that the words "in said building" relieve him from paying any percentage on the gross sales made from the second floor of the adjoining building; but it is perfectly clear that at least a considerable portion of the "business" of selling the goods contained in the McArthur building is actually conducted in respondent's building. Respondent sold to appellant a business, a going department store; he is to receive, under his agreement with appellant, as rent for his building, a percentage of the gross sales of the "business." The entire business

administration, the advertising, the going to and fro
of the patrons of the store, is conducted in respond-
ent's building, and we are clearly of the opinion that
respondent is entitled to receive the agreed percentage
on the gross sales made from the departments located
in the McArthur building.

The cases cited by appellant stating the rules govern-
ing the construction of a lease are not applicable to
this case, as we think the agreement between the par-
ties clearly covers the situation now before us for de-
termination, although not directly provided for in the
contract. The rule relied on by appellant is further
explained by the opinion of this court in *Golden v.
Pilchuck Tribe No. 42, I. O. R. M.*, 71 Wash. 581, 129
Pac. 93.

Appellant assigns certain errors upon the admission
of testimony by the trial court and upon the rulings
of the court in refusing to receive certain other testi-
mony. We have examined the record in connection
with these matters and are of the opinion that the court
committed no reversible error in the rulings of which
appellant complains.

Appellant contends that, even though respondent
may have an action against appellant, the action is not
for rent under the lease, and that the court erred in
allowing respondent as rental the same percentage on
the gross sales that respondent would admittedly have
been entitled to receive had the goods sold been dis-
posed of from respondent's building. Appellant sub-
mits an ingenious argument in support of this posi-
tion, and indulges in many suppositions as to possible
increases in store facilities on the part of appellant.
Assuming, though not deciding, that in some of the
cases imagined by appellant respondent would not be
entitled to two and one-half per cent on the gross sales
of goods sold under the circumstances suggested in ap-

pellant's brief, the answer to appellant's interesting argument is that we have before us a concrete case for decision and the question must be resolved upon existing facts and not suggested possibilities.

Appellant also urges that the lease fixes a minimum yearly rental which he claims is in the nature of liquidated damages, and that, consequently, appellant has the right to discontinue or remove any number of departments of the store business, and that respondent has no remedy as long as appellant pays the minimum rental of $2,400 a year fixed by the lease. Appellant admits that, if he changed the general character of the store, respondent could terminate the lease, but urges that, in view of the provision last referred to, respondent cannot maintain this action for rent. Respondent does not seek in this action damages for a breach of the lease, but elected to treat the lease as a continuing obligation and to claim under it two and one-half per cent of the gross sales of the departments moved from its building into the McArthur building. We do not decide any issue other than that squarely presented in this case, and on those facts we rule in favor of the contention of respondent.

As we hold, the court was correct in instructing the jury to return a verdict in respondent's favor upon the question of rental; and as the jury found in appellant's favor upon the other issues presented, it follows that the court did not err in overruling appellant's motion for a new trial, and in entering judgment in respondent's favor upon the verdict.

The judgment appealed from is affirmed.

FULLERTON, C. J., ASKREN, and MAIN, JJ., concur.