[No. 30009.   Department One.   February 27, 1947.]

V. GATTAVARA *et al., Respondents,* v. CASCADE PETROLEUM COMPANY, *Appellant.*[1]

*Bryon E. Congdon* and *J. Vernon Clemans,* for appellant.

*Simmons & McCann,* for respondents.

SIMPSON, J.—We have presented here an action to recover the possession of real property. The cause, tried to the court, resulted in judgment in favor of the plaintiffs.

In presenting its appeal, the appellant urges that the trial court committed error in denying appellant's challenge to the sufficiency of the evidence, in granting judg-

[1]Reported in 177 P. (2d) 894.

ment in favor of plaintiffs, and in denying motion for new trial.

The facts are: June 3, 1940, respondents leased to Jobbers Service Co., Inc., certain real property, situated in Pierce county, for a term of five years, beginning July 1, 1940. The rentals were to be paid as follows:

"$50.00 per month for 12 months
$65.00 per month for 12 months
$80.00 per month for 12 months
$90.00 per month for 24 months."

·  The written lease, duly acknowledged, provided that:

"No assent, expressed or implied, by Lessor, to any breach of Lessee's covenants shall be deemed or taken to be a waiver of any succeeding breach of covenants,"

and

"At the expiration of this agreement, the Lessee shall have the right of renewing said agreement for the same period of time and upon the same conditions as herein stated."

Jobbers Service Co., Inc., assigned the lease to appellant, and it conducted upon the property a gasoline service station. Because of certain conditions brought about by the war, the lease was, on February 18, 1942, modified as follows:

"(1)    Effective July 1, 1941 and during such time or times thereafter as the National Emergency shall exist, the rental provided in my lease with you dated June 3, 1940 shall be reduced to $50.00 per month.
"(2)    Except for the above modifications, all other provisions in the lease remain the same."

The modification agreement was not acknowledged, nor was it signed by Mrs. Gattavara. February 22, 1945, appellant notified respondents by letter that it elected to exercise its option to renew the lease for an additional five years,

". . . upon the same terms and conditions as stated in the lease and in that certain modification of the lease bearing the date of February 18, 1942."

Appellant remained in possession of the premises and

has continued to tender the amount of fifty dollars per month as rental.

■ The one question to be determined is whether appellant is entitled to a renewal of the lease. The decision in this case is determined by our holding in *Henry v. Bruhn & Henry,* 110 Wash. 321, 188 Pac. 506. In that case, it appeared that property was leased to respondents for the

" ' . . . term of five years from February 2nd, 1914, . . . with the right to renew this lease for another five years at the same rental as for the first term of five years.' "

In passing upon the right of the lessee to continue the lease, this court held: A lessee is not compelled to give formal notice of his desire to extend the lease where the original lease is silent as to his obligation to give notice; that a continued possession of the leased premises will be considered as sufficient notice, provided that the continued possession is indicative of an exercise of the option.

The rule of law announced in the cited case has been approved in *Salzer v. Manfredi,* 114 Wash. 666, 195 Pac. 1046. See, also, *Union Oil Co. v. Hale,* 163 Wash. 503, 2 P. (2d) 87, and the note on "Renewal" in 64 A. L. R. 318.

The rule as laid down entitled appellant to a renewal of the original lease for an additional term of five years, by remaining in possession and paying the rent as required in the lease, and did not burden it with the duty of notifying the respondents of the election to renew. This being the case, the letter notifying respondents of the election to continue the lease was of no material importance.

■ Respondents argue that the modification agreement was a nullity because it was not acknowledged, and that, by mentioning it in the letter of February 22, 1945, appellant in fact, and as a matter of law, elected to renew under the terms of a new lease which was not enforcible. We cannot so hold. Appellant did mention the modification agreement, it is true, but it did not in any way indicate that it was surrendering its rights under the original lease. The modification agreement had been complied with for some time by both parties. Appellant had paid the monthly

rental provided therein, and respondents had received that amount without any objection. It was but natural that the appellant should mention the so-called modification agreement.

■ Some complaint is made that the payment of fifty dollars per month which appellant tendered as the rental for the first year of the continued lease was not in accordance with the terms of the original agreement; that, under its terms, appellant must continue to pay the sum of ninety dollars per month as the rental provided for the last year mentioned in the contract. The lease is very plain as to payments which are to be paid as rental, and, when appellant elected to continue the lease for five additional years, it was entitled to profit by the benefit of the terms mentioned in the written instrument. It does seem out of the ordinary that the rental payments for the second term should be reduced from ninety dollars a month to fifty dollars per month. However, the parties agreed to be bound by all of the provisions contained in the original lease, and this court cannot change those terms, because to so do would amount to rewriting the contract.

The judgment of the trial court is reversed.

MALLERY, C. J., MILLARD, SCHWELLENBACH, and ABEL, JJ., concur.